## McKIBBEN v. SALINAS.

1. PARTITION—ASSESSMENT—LIMITATION OF ACTIONS.—Under proceedings for partition in the Probate Court in 1870, a tract of land was vested in A, upon the condition that he pay to his sister, the present plaintiff, a stated sum of money. A conveyed to B with full notice, who mortgaged to C, and C purchased with notice at a sale under this mortgage. This action was commenced in 1889, to subject this land to the payment of this assessment. *Held*, that the action was not barred by the statute of limitations, as there was no adverse possession, nor was the action upon a liability created by statute.

2. COMMON PLEAS—PROBATE COURT—JURISDICTION.—This action was properly brought in the Court of Common Pleas, as the Court of Probate had no power in 1870 of enforcing its decrees, and subsequent acts gave no power as to pre-existing decrees; nor could the Probate Court proceed in any matter of partition after the decision in 1878 declaring that such court had no jurisdiction in partition.

3. NOVATION—PRESUMPTION.—The taking by plaintiff of a note from A for the amount of her Probate Court judgment, did not operate as satisfaction, A not having shown such an intention; nor did such act, together with the lapse of nineteen years, raise a presumption of payment of the judgment.

4. PARTIES—DEBTOR AND FORMER OWNER.—To this action by plaintiff against the present owner, to subject this land to the payment of her debt, A, who had parted with all interest, was not a necessary party.

Before HUDSON, J., Marion, June, 1893.

Action by Henrietta C. McKibben against A. J. Salinas & Son. For former appeal, see 36 S. C., 279.

*Messrs. Woods & Macfarlan*, for appellant.

*Messrs. Johnson & Johnson*, contra.

March 20, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This case has been in this court before (see 36 S. C., 285), where the facts will be found stated. In this case the Circuit Judge summarised them as follows: "On November 12, 1870, all the heirs at law of Neil Alford, who died intestate, filed in the Probate Court of said county

[Marion], proceedings for the partition of his real estate, and on the same day John Wilcox, Esq., probate judge, issued a writ of partition to commissioners to make partition of the same; and on the 20th day of the same month they made a return, assigning land to all his heirs at law, except the plaintiff and Harriet B. Berry, and they assigned to John D. Alford the "Murchison place," containing 177 acres; and for the purpose of effecting equality of partition, they assessed him to pay the plaintiff five hundred and thirty-two dollars and eighty-seven cents ($532.87). This tract of land he aftewards conveyed to James Berry, who was a party to the case in partition, and it was afterwards sold under a mortgage given by the said Berry to the defendants, and they became the purchasers, and now hold it as their property. When it was sold, notice of the assessment in favor of the plaintiff was given.

"In September, 1889, the plaintiff instituted this proceeding in the Court of Common Pleas for said county, against the defendants, to enforce the payment of said amount assessed to her, with interest on the same from the date of the said return, which had been confirmed on the day of its date by the said probate judge. A demurrer was interposed, that the complaint did not state facts sufficient to constitute a cause of action, which was sustained by the Circuit Judge, but on appeal to the Supreme Court, the opinion of the Circuit Judge was reversed; and the case went back with leave to answer; and the case now comes up again on the pleadings and evidence. The defendants insist that, six years having elapsed, the action was barred by the statute of limitations, or paid by presumption of law from lapse of time; and that the Court of Common Pleas has no jurisdiction to enforce the decree of the Probate Court, but if it is enforcible at all, it must be done in that court. In the evidence it appeared that at one time John D. Alford gave his note to the plaintiff for the amount of the assessment, and it was insisted by the defendants that the note extinguished the assessment."

The judge overruled all the defences, and gave judgment for the assessment and interest, and if the amount was not paid in sixty days, the land should be sold to pay the debt, interest,

and costs. From this decree the defendants appeal upon the following grounds: Because the presiding judge erred in not holding: I. That the action was barred by the statute of limitations. II. That the action could not be maintained in the Court of Common Pleas, and that if the plaintiff had any right to have the land subjected to the payment of her alleged debt, it could be pursued only under the original action in the Probate Court. III. That the taking of the note of John D. Alford for the amount due the plaintiff operated as a merger of the debt in the note, and a release of her claim to the land, &c. IV. That the taking of such note, accompanied by the lapse of nineteen years, created a presumption of payment. V. That John D. Alford was a necessary party to the action.

It is not contended that the plaintiff has ever received any part of the assessment made for her by the commissioners in partition, and put into a judgment by the judge of probate. But from the long delay and other circumstances it is contended that she can not now recover her just claim, for the following reasons: *First.* That her claim is barred by the statute of limitations. John D. Alford went into conditional possession of the land without title, upon condition that he would pay the assessment made for the plaintiff. This was known to Berry, a party in the proceedings, from whom the defendants took a mortgage, and under it purchased the land with full knowledge, and hence there was no such "adverse possession" as could give title. Nor do we consider that the proceeding of the plaintiff to recover the judgment on the assessment as a condition precedent to the vesting of the title, was an action upon a liability created by statute, and liable to be barred in six years; but the cause of action was equitable in its nature, merely to secure the assessment, which being in the form of a judgment of the Probate Court, could not be barred or presumed paid in less than twenty years, under subdivision 1 of section 111 of the Code of Procedure.

The second exception does not contest the merits of the plaintiff's claim, but only objects to the manner adopted to recover it—that this action could not be maintained in the Court of Common Pleas, but could be pursued only under the

original action in the Probate Court. As a general rule, it is true that, "where two courts have concurrent jurisdiction, whichever court first acquires jurisdiction of a cause will retain it throughout, if able to determine the whole controversy. But this only applies to suits between the same parties, seeking the same remedy, and to the questions properly involved in the case." 12 Am. & Eng. Enc. Law, 292. It will be observed that other parties have been brought in here, new questions have arisen. But passing that, let us consider for a moment how the matter of jurisdiction stood on November 20, 1870. Could the judge of probate at that hour have enforced that judgment in his own court? The jurisdiction of the probate judge is important but limited. He received the return of the commissioners, and made it his judgment. Had he not then discharged his whole duty under the law as it then stood? As we understand it, the right of the plaintiff to enforce payment of the assessment, the condition precedent to titles, by a sale of the Murchison place, was not then within the jurisdiction of the probate judge, but was simply an equity, somewhat in the nature of the right to foreclose a mortgage.

But it may be said, that since that time the acts of 1872 (15 Stat., 23,) and of 1878 (16 Stat., 710,) have been passed, enlarging the powers of the judge of probate as to enforcing his own orders and judgments. But if a power sufficient to cover a case like this were given in those acts, we do not see how they could be made to reach back and apply to cases where judgment had been obtained (1870) before the passage of those acts. See *Copeland* v. *Todd*, 30 S. C., 419. If we consider the law as it now stands, it seems to us that the result would be the same. While the case of *Herndon* v. *Moore*, 18 S. C., 339, does declare that all proceedings in partition regularly had in the Probate Court prior to 1878, should be held binding on the parties concerned; yet, as we suppose, that does not give the right in such cases to proceed in the Probate Court after 1878; and, therefore, if the plaintiff can not enforce her equitable rights in the Court of Common Pleas, she is entirely without remedy.

The third exception alleges that the taking of the note, spoken of in the testimony, of John D. Alford for the amount

due the plaintiff, operated as a merger of the debt in the note, and a release of her security in the land; and that the taking of said note, accompanied by the lapse of nineteen years, created a presumption of payment. The Circuit Judge did not sustain the presumption. The Code prescribes full twenty years as an ordinary statute of limitations. Nor did the Circuit Judge find, as a matter of fact, that the parties intended the note to operate as a satisfaction of the judgment, which was a higher security than the note—indeed, a condition precedent to the vesting of the title to the land. It is said in case of *Johnson* v. *Clarke*, 15 S. C., 72: "Whether one security operates as a payment or satisfaction of another, is always a question of intention, the *onus probandi* resting upon the party who affirms it [citing the authorities]. The plaintiff stood upon their note [here the probate decree], and the defendants, whose defence was payment and satisfaction, should have shown affirmatively, that the new note was intended to be, and was actually received, in payment and satisfaction." We agree with the Circuit Judge, "that there was no evidence that such was the intention, and that the higher security was not extinguished by the note."

4     We do not think that John D. Alford was a necessary party.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.