6796

## MOODY v. SOUTHERN RY.

1. EVIDENCE.—THE OPINION of a witness as to whether the forty days allowed by the penalty statute for tracing lost freight is sufficient is incompetent.

2. CARRIER—FREIGHT.—SECTION 1710, CODE 1902, applies to freight shipped on a bill of lading providing the liability of each carrier shall cease upon delivery to its connecting carrier in the same order in which it was received.

Cave v. R. R., 53 S. C., 496, *distinguished from this case.*

3. Ibid.—Ibid.—Consignee of freight should accept it when offered by carrier after delay of more than forty days and sue for damage caused by delay.

4. Ibid.—Ibid.—A terminal carrier is not liable for the statutory penalty for loss of or damage to freight not occurring on its own line.

5. Ibid.—Ibid.—Issues.—Whether a consignee of freight has accepted as payment for loss of freight a voucher which he received and retained so as to estop him from suing for the value of the goods and penalty is for jury under proof here.

Before KLUGH, J., Sumter, June, 1907.    Reversed.

Action by Burrell Moody against Southern Railway Company. From Circuit order sustaining judgment of Magistrate H. L. B. Wells, defendant appeals.

*Mr. Mark Reynolds,* for appellant, cites: *Evidence as to time required to trace freight admissible:* 59 S. C., 316; 62 S. C., 292; 19 S. C., 66, 521. *No presumption of loss on terminal carrier:* 78 S.C., 42; 2 L. R. A., 102. *Measure of damages when goods are unreasonably delayed:* 7 S. C., 190; 47 S. C., 33; 75 S. C., 60; 38 S. C., 87; 2 Ency., 906. *Court should have construed bill of lading:* 46 S. C., 220; 59 S. C., 581; 66 S. C., 22; 17 S. C., 480; *Asbill v. Asbill,* 24 S. C. *Penalty can only be recovered for loss on line of carrier sued:* 78 S. C., 42, 36. *Consignee should not recover after accepting and retaining voucher for value of freight:* 72 S. C., 479.

*Mr. L. D. Jennings,* contra.

March 13, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from a judgment of a magistrate court, affirmed by the Circuit Court, for $23.20, the value of five barrels of flour alleged to have been lost between Nashville, Tenn., and Hagood, S. C., and fifty dollars, the statutory penalty.

Section 1710 of Civil Code and the act of February, 1903 (24 Stat., 81), on which the action depends, have been so often set out in recent cases that familiarity with them will be assumed.

Testimony as to the diligence actually exercised in the effort to trace the goods and ascertain on what line they were lost, damaged or destroyed was of course admissible under Section 1710 of Civil Code; but evidently the magistrate was right in excluding the opinion of a witness as to the sufficiency of the forty days allowed by the statute, and as to whether in case certain difficulties—not however, appearing here—arose, the information could be given within the prescribed time. The question of due diligence was for the jury.

The bill of lading, which was issued by Nashville, Chattanooga and St. Louis Railway Company, contains the following clauses: "Received by the Nashville, Chattanooga & St. Louis Railway, at . . . . . . . . . Station. . . . . . . . . . . . 190. . . from. . . . . . . . . ., the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below, which carrier agrees to carry to said destination, if on its own road, or otherwise to deliver to another carrier on the route to said destination. In consideration of the rate charged, under the conditions of this bill of lading, it is mutually agreed as to each carrier, severally, not jointly, of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written, on the face or back hereof, all of which are agreed to by the shipper as owner or agent for the owner, and accepted for himself or his assigns as just and reasonable. No carrier shall be liable for loss or damage not occurring on its portion of the route, nor after said property is ready for delivery to consignee."

These stipulations make each carrier liable for the loss or damage on its own line; and under them the responsibility of each carrier would cease when it delivered to the next carrier the goods in the *same order in which it received them.*

The first cause of action was brought under Section 1710 of Civil Code, which applies only when the contract of shipment provides the responsibility of each carrier shall cease on delivery to the connecting line *"in good order."* On the strictest technicality, a distinction may be drawn between a bill of lading like this, under which the responsibility of each carrier is to cease when it delivers to the next carrier the goods *in the same order in which it received them,* and one under which the responsibility of each ceases on delivery to the next carrier *"in good order."* But the two contracts are substantially the same. For damage to goods there can be no delict or breach of the contract of carriage of a connecting carrier who delivers the goods to the succeeding carrier in the same order in which it received them from the preceding carrier. Delivery by the carrier in the same order as existed at the receipt of it, is a delivery in good order as far as that carrier is concerned. It is true the words "in good order" used in the statute are in quotation marks, but it would be disregarding the substance to hold the statute not to apply to contracts in which equivalent words are used.

We do not question the authority of *Cave* v. *Ry. Co.,* 53 S. C., 496, 31 S. E., 359, but it will be seen by reference to that case that there was no allegation in the complaint of any such provision in the contract of shipment as appears here in the bill of lading. The shipment, therefore, fell under the statute and the magistrate was right in not granting the motion for a nonsuit as to the first cause of action.

There is evidence that the flour that was shipped on 12th February, 1906, was found by the Georgia Railroad Company in its possession on 1st July, and immediately tendered to the plaintiff. Notwithstanding the delay, the plaintiff was bound to receive the flour, the liability of the carrier being to compensate for the damages

[Rep.]                    November Term, 1907.

growing out of the delay, but not for loss. *Nettles* v. *R. R. Co.*, 7 Rich., 190; *Turner* v. *Ry. Co.*, 75 S. C., 58; *McKerall* v. *R. R. Co.*, 76 S. C., 338. The magistrate was in error in refusing so to charge.

There was also error in refusing to charge the jury that if loss or damage to the flour did not occur on the defendant's own line, then there could be no recovery against the defendant for the statutory penalty. *Venning* v. *R. R. Co.*, 78 S. C., 42.

The defendant's agent testified he sent the plaintiff a voucher or order for payment of the value of the flour, issued by the Georgia Railroad Company, which plaintiff retained but did not present for payment. On this point the defendant requested the magistrate to charge the plaintiff could not recover the statutory penalty "when he accepts and retains the voucher for the value of the flour." There was no evidence of the negotiability of the voucher or of its use by defendant, or of any action on his part, beyond his failure to return it, going to show an intention to accept the voucher in payment. Whether it was received as payment was a question of fact for the jury, the burden of proving it was so received being on the defendant. *Johnson* v. *Clarke*, 15 S. C., 72; *McKibben* v. *Salinas*, 41 S. C., 105, 19 S. E., 302. There was no error in refusing to charge the jury, as a legal proposition, the failure to return the order estopped plaintiff from setting up a claim for the value of the goods and the penalty. It was for the jury to say whether, under all the circumstances proved, the plaintiff should be charged with an intention to accept the order as payment.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the cause remanded to the magistrate court for a new trial.