### 7137

#### COUSAR MERCANTILE CO. v. SOUTHERN RY.

CARRIER—FREIGHT—PENALTY.—The penalty statute, 24 Stat., 81, does not apply in case of delay in shipment of freight or of damages to consignee because of such delay, but only to cases of loss of or damage to freight. In case of delay consignee should accept the freight and sue for damages caused by delay. That freight was delayed but tendered before the limit for adjusting claim for loss or damage, after claim filed, does not warrant consignee in treating freight as lost.

Before WILSON, J., Chester, November, 1907.   Reversed.

Action by the Cousar Mercantile Company against Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. Abney & Muller and J. E. McDonald* for appellant. *Mr. McDonald* cites: *Goods having only been delayed, plaintiff not entitled to penalty remedy:* 5 Rich., 46; 7 Rich., 190; 71 S. C., 337; 75 S. C., 38; 79 S. C., 297; 76 S. C., 338; 72 S. C., 483; 75 S. C., 20. *Consignee should accept goods and sue for damage caused by delay:* 2 Hutch. on Car., sec. 651; 3 Hutch. on Car., sec. 1365; Moore on Car., 197-8; 5 Ency., 220-1; 5 Rich., 56; 7 Rich., 190; 79 S. C., 300.

*Mr. A. L. Gaston,* contra, cites: *Statute must be strictly construed:* 78 S. C., 56; 72 S. C., 486. *Carrier is liable by whatever means goods were lost to consignee:* 79 S. C., 200; 22 Stat., 443.

April 9, 1909.   The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff recovered judgment against defendant for $80.84, for the value of a shipment of freight alleged to have been lost and $50 penalty for fail-

ure to adjust the claim filed for said loss within ninety days.

It appeared that the freight was delivered to the defendant at South Boston, Va., on December 12, 1906, for delivery to the plaintiff, consignee, at Chester, S. C. The goods not having arrived by January 2, 1907, plaintiff on that day filed its claim as for lost goods valued at $80.84. There was some evidence that such a delay was unusual and unreasonable. The plaintiff's testimony was to the effect that notice of the arrival of the goods at Chester, S. C., was given plaintiff on February 19, 1907, and that plaintiff declined to receive the goods at full value, the goods being heavy winter dry goods. There was no evidence that the goods had been damaged in any way. The packages were not broken, the goods were not examined. John G. Cousar, secretary and treasurer of the plaintiff corporation, testified that plaintiff was liable for the price of the goods and was "aggrieved" by the non-delivery of the goods, $80.84, their value.

A motion for nonsuit was made on the grounds (1) that no case under the statute had been made out, (2) that it appears from the undisputed testimony that the claim was filed for the loss of the goods, and that the goods were not lost and that recovery for the penalty can be had only in case of loss of or damage to freight, (3) that the testimony shows that plaintiff as consignee has not been injured or aggrieved.

The motion was overruled and defendant excepts.

The terms of the penalty statute material to the issue are : Sec. 2. "That every claim for loss of or for damage to property while in the possession of such common carrier shall be adjusted and paid within forty days, in case of shipments wholly within this State, and within ninety days, in case of shipments from without this State, after the filing of such claim with the agent of such carrier at the point of destination of such shipment: *Provided,* That no such claim

shall be filed until after the arrival of the shipment, or of some part thereof, at the point of destination, or until after the lapse of a reasonable time for the arrival thereof. In every case such common carrier shall be liable for the amount of such loss or damage, together with interest thereon from the date of the filing of the claim therefor, until the payment thereof. Failure to adjust and pay such claim within the periods respectively herein prescribed shall subject each common carrier so failing to a penalty of fifty dollars for each and every such failure, to be recovered by any consignee or consignees aggrieved in any Court of competent jurisdiction: *Provided,* That unless such consignee or consignees recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage with interest as aforesaid. * * *"

In order to recover under this statute, plaintiff must show loss of, or damage to, the specific freight as distinguished from damage to plaintiff in consequence of delay in its transportation. For delay in transportation, the Act of 1904, 24 Stat., 671, provides a remedy with penalty, and it has been declared that such statute has no reference to loss of or damage to freight. *Macon* v. *Southern Ry. Co.,* 81 S. C., 168. On the other hand it has been declared that the Act of 1903, 24 Stat., 81, the statute in question, provides for the adjustment of claims for loss of or damage to freight and does not cover claim for delay in transportation. *Moody* v. *Ry. Co.,* 79 S. C., 300, 60 S. E., 711.

This last case shows that notwithstanding the delay, the plaintiff was bound to receive the goods, and that carrier's liability was to compensate for the damages growing out of the delay, but not for the loss, the Court citing *Nettles* v. *R. R. Co.,* 7 Rich., 190, and other cases. The penalty statute does not abrogate this well established rule of law. The statute allows recovery for loss or damage, and if the claim were filed for loss of freight and the proof showed

only damage to freight, or *vice versa,* the Court might not turn the plaintiff out but might allow recovery for whatever loss of freight or damage to freight, was established. But in order to recover the penalty it would be necessary to recover for the loss or damage the *amount* of the claim as filed.

It appearing that there was no loss of freight, and there being no testimony of any damage to the specific freight, nonsuit should have been granted.  It is true, there was testimony that the goods were seasonable goods, heavy winter dry goods, and that while shipped December 12, 1906, were not tendered until February 19, 1907, when the winter season had far advanced, but the goods were intact and not shown to have been damaged in the least.  It is true, also, that Mr. John G. Cousar testified that plaintiff was "aggrieved" to the amount of $80.84, the value of the goods, because of the non-delivery, but this merely meant that such was his estimate of the damages resulting from delay in shipment under the mistaken theory that plaintiff could treat the goods as lost.  It was impossible for the jury on the testimony to conclude that the goods had been damaged to the full extent of their value.

After the refusal of the nonsuit, defendant offered testimony tending to show that the goods arrived at Chester, S. C., on January 5, 1907, a few days after the filing of the claim for their loss and were immediately tendered to plaintiff, with a suggestion that claim be filed for delay in shipment, and that plaintiff declined to receive the goods. There was some testimony that the delay was due to a congestion of freight at all transfer points in the rush of business preceding the Christmas holidays.

Defendant's counsel made requests for instruction to the jury in accordance with the view announced by this Court above in discussing the motion for nonsuit, viz., in substance, that no recovery could be had under the statute upon proof of a delay in transportation, but that it must appear

that there was loss of or damage to the freight. The Court, however, instructed the jury that if the claim for loss was filed after the lapse of a reasonable time for the arrival of the goods, it was filed in accordance with the statute, and that a tender of the goods thereafter would not prevent plaintiff from treating the goods as lost.

This we think was error which would justify reversal, even if we were wrong in the view that there was no proof of loss of or damage to the freight. We adhere to the rule declared in *Moody* v. *Ry., supra,* and it follows there can be no recovery for loss of freight upon evidence that the freight had been tendered and refused, certainly if tendered before the expiration of the time allowed by statute for adjustment. Whether a different rule should prevail if tender is made after the expiration of the time allowed by statute for adjustment is not involved and need not be discussed.

The judgment of the Circuit Court is reversed.