8174

### GORDON v. GORDON.

1. ALIMONY—BURDEN OF PROOF.—The allowance of temporary alimony and suit money are mere provisional remedies, and where the wife voluntarily leaves the home she must show *prima facie* that her husband inflicted on her such physical violence or personal indignity as would make her living with him intolerable. But that showing does not entitle her to this relief, if, on the whole showing, it appears *prima facie* that she has committed adultery, or violated or omitted to discharge any of the important hymeneal obligations.

2. IBID.—IBID.—But where it is admitted or conclusively shown that the husband drove the wife from the home, the burden then falls on him to justify his refusal to support her.

3. IBID.—APPEAL.—The conclusions are largely in the discretion of the trial Judge. His order is appealable, but will not be disturbed unless clearly opposed to the weight of the evidence.

Before SHIPP, J., Williamsburg, June term, 1911. Affirmed.

Action by Fanny O. Gordon against Samuel B. Gordon. Defendant appeals.

*Messrs. Stoll & Stoll,* for appellant, cite: *What is prima facie proof?* 50 N. Y. 180; 45 L. R. A. 794; 21 L. R. A. 310; 50 N. Y. 180; 40 S. E. 782. *To claim alimony separation must not be caused by wife:* 1 McC. 117; 21 Cyc. 1601. *Nor is she so entitled if she agreed to the separation:* 124 N. Y. 493. *Grounds upon which alimony will be allowed:* 68 S. C. 123. *Burden is on wife to show she left for good cause:* 21 Cyc. 1607, 1605; 16 N. J. Eq. 389; 60 Am. Dec. 677; 21 L. R. A. 310. *Nor will temporary alimony be allowed where it is probable she will not succeed in her suit:* 60 N. Y. S. 485; 73 N. Y. S. 283; 47 Ga. 332; 40 S. E. 782.

*Messrs. Lee & Fishburne,* contra, cite: *Plaintiff only required to make out prima facie case:* 51 S. C. 379; 80 S.

C. 277; 84 S. C. 9. *Entitled to temporary alimony and suit money:* 51 S. C. 386; 14 Cyc. 754; 2 Ency. 108; 79 S. C. 572. *Duty of husband to remonstrate with wife, if her conduct is not proper:* 15 Am. Dec. 211; 56 Am. R. 688; 54 Am. R. 489; 14 Cyc. 645.

April 4, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action, brought by Fanny O. Gordon against her husband, Samuel B. Gordon, for permanent alimony and the custody of their children, Judge Shipp made an order for the payment of twenty-five dollars a month as a temporary allowance to the wife for her support, and of two hundred dollars as reasonable counsel fees. The defendant has appealed on the ground that the plaintiff failed to make a *prima facie* showing that the separation was due to her husband's misconduct and not her own.

On the part of the wife affidavits were introduced to the effect that the husband, actuated by unfounded suspicion and unreasonable jealousy, had driven his wife from his home. On the part of the husband there was his own affidavit that he had witnessed the unfaithfulness of his wife with one West, and the affidavits of other persons of like tenor. The pleadings and these affidavits make sharp issues to be decided at the trial as to the chastity of the wife and as to the veracity of both husband and wife. Any discussion here of these issues might tend to influence the result of the trial, and it, therefore, seems proper that we should go little beyond a statement of our conclusions. The allowance of temporary alimony and suit money is a mere provisional remedy—a temporary provision for a wife living apart from her husband, because the circumstances prevent her from receiving support from him in the family home. If the wife voluntarily leaves her husband's home, as a condition of obtaining even temporary alimony and suit money, she must assume the burden of

showing *prima facie* that her husband has inflicted on her such physical violence or personal indignity as would make her living with him as a wife intolerable. Even that showing will not entitle her to the provision if, on the whole showing from both sides, it appears *prima faci*e that she committed adultery or violated or omitted to discharge any of the important hymeneal obligations assumed by her. *Hair* v. *Hair,* 10 Rich. Eq. 173; *Levin* v. *Levin,* 68 S. C. 123, 46 S. E. 945.

But where it is admitted, or conclusively shown, as in this case, that the husband has driven his wife from his home and thus actively deprived her of support there, the burden then falls on him to justify his refusal to perform the duty of supporting his wife, which the law imposes on him.

The conclusion to be drawn from the evidence presented, considered in the light of these rules, is largely in the discretion of the Circuit Judge. His order is appealable. *Merservey* v. *Merservey,* 79 S. C. 59, 60 S. E. 711, but his conclusion will not be disturbed unless clearly opposed to the weight of the evidence. As the affidavits do not lead to a clear conviction that the Circuit Judge was in error the judgment will not be disturbed.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICE HYDRICK *participate in this opinion and concur.*