8455

BRUNSON v. BRUNSON.

1. NOTICE.—This Court will not go behind the recitals in a Circuit decree to ascertain if a party had notice of a motion.

2. ALIMONY—SUIT MONEY—CHAMBERS.—A Circuit Judge may grant temporary alimony and suit money at chambers.

3. THE VERIFICATION OF THE COMPLAINT here is sufficient, as it does not mislead the defendant, and is not such as would warrant the dismissal of the complaint.

4. DISCRETION.—AMOUNT OF TEMPORARY ALIMONY AND SUIT MONEY is within the discretion of the trial Judge and an erroneous exercise of it is not shown here.

Before WILSON, J., Sumter, February, 1910.    Affirmed.

Action by Katy Brunson against Washington Brunson. Defendant appeals.

The allegations in the complaint are made in the usual affirmative form, except those in paragraph 8 are made on

information. The verification is that the facts stated in the complaint are true, except as to those stated on information and belief, and these she believes to be true.

*Mr. John H. Clifton,* for appellant.

*Mr. L. D. Jennings,* contra.

March 15, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal from an order, made by his Honor, Judge Wilson, granting the plaintiff temporary alimony and suit money pending the trial of the cause on its merits.

It appears from the record in the case, that after complaint was filed his Honor passed the following orders:

"The notice of the plaintiff being responded to by the attorneys for both parties before me at chambers this day, the defendant first objects to the jurisdiction of the Judge at chambers to hear the motion, upon the grounds that the complaint is not properly verified; and 2, that the judge cannot at chambers decree temporary alimony before the answer by defendant on the notice given in this case, there being no rule to show cause. 3. That the complaint does not state facts sufficient to constitute a cause of action, and that the Judge did not consider the defendant's affidavit offered to disprove the allegations of the complaint at this stage, but deferred consideration of the same until after report of master be made.

"I overrule both objections and refer the matter to the master of Sumter county, upon motion of defendant's attorney, to forthwith take testimony as to the financial ability of the defendant and to promptly report the same to me with his opinion as to what the defendant can reasonably be required to pay, and that the defendant, in the meantime, be, and is hereby, restrained from encumbering or disposing of any of his real property, conditioned upon the execution by plaintiff

of a bond in the sum of two hundred and fifty dollars to hold the defendant harmless, said bond to be executed within ten days from this date, with one or more sufficient securities to be approved by the clerk of Court."

Order for temporary alimony.

"A motion was made before me on the 7th day of September, 1909, upon due notice to the defendant for an order granting the plaintiff temporary alimony and suit money, pending the trial of the above entitled cause for alimony upon its merits.

"After hearing L. D. Jennings, Esq., for the motion, and J. H. Clifton, Esq., *contra,* and after hearing the reading of the verified complaint and affidavits furnished by the defendant, I referred the same to the master for Sumter county to take the testimony and report to me what would be a reasonable alimony to allow the plaintiff pending the trial of the cause. The master having furnished his report, with the testimony taken, I have considered the same, together with all of defendant's objections and affidavits submitted by him, and I hold, that the defendant should be required to pay to the plaintiff temporary alimony pending the trial of the above entitled cause and a reasonable amount of suit money to enable her to prosecute said cause.

"It is, therefore, ordered, that the defendant pay to the plaintiff seven and 50-100 dollars per month, beginning on the first day of November, 1909, and seven and 50-100 dollars per month on the first day of each month thereafter, until the above entitled cause shall have been tried and determined upon its merits.

"It is further ordered, that the defendant pay to the plaintiff or her attorney, on the first day of March, 1910, one hundred dollars as counsel fee in order to enable her to prosecute said case.

"Let a certified copy of this order be forthwith served on the defendant."

Exceptions were duly taken to both orders. To the first order two exceptions were taken and to the last order seven exceptions were taken. The first order was made on September 9, 1909, and by this order, on the defendant's motion, the cause was referred to the master of Sumter county, who held a reference, in pursuance of this order, on September 21, 1909, and made his report on October 16, 1909, and Judge Wilson passed his last order on February 19, 1910.

The appellant appealed from the first order and questions the right of the Judge to make it, on the grounds that he was without jurisdiction to hear it at chambers without notice, and that the complaint was not properly verified and was before answer made and no rule to show cause, and that the complaint does not state facts sufficient to constitute a cause of action. Judge Wilson recites in his order that "The notice of plaintiff being responded to by the attorneys for both parties before me at chambers this day, the defendant first objects, etc.," is a sufficient answer to the exceptions that no notice was given to the defendant, and we will not inquire further or go behind the order of the Judge.

As to whether he had jurisdiction to hear the matter at chambers, this question has been determined adversely to the contention of the appellants. *Smith* v. *Smith,* 51 S. C. 387, 29 S. E. 227; *Messervy* v. *Messervy,* 80 S. C. 277, 61 S. E. 442.

As to the verification of the complaint: This exception is very technical and meets with no sympathy from this Court. All of the allegations of the complaint are made on knowledge of plaintiff, except allegation 8, and that is made on information. The allegations are sufficient to inform the defendant that plaintiff did not of her own knowledge know of the facts alleged, but had been informed so. The defendant could not have been misled by these allegations, and it would result in the miscarriage and perversion of the rights of litigants to countenance such

narrow and technical rules of pleadings as to deprive them of a speedy trial by holding that the verification was defective to such an extent as to dismiss the complaint. It would be a denial of justice and would work hardships to litigants and prevent the trial on merits to hold otherwise. We think there was a sufficient compliance of the law in the verification of the complaint and that the complaint sets forth a good cause of action and that his Honor was correct in overruling the objections made in his order of September 7, 1909, and that he had the right to grant the order he did as he could grant the injunction upon plaintiff's giving bond. The plaintiff, however, failed to comply with this condition and gave no bond and that part of the order became ineffective and fell to the ground. The exceptions to the order of September 7, 1909, are overruled.

As to the exceptions to the order of his Honor of February 19, 1910: The defendant excepts and questions the correctness of the same upon the grounds it was made at chambers out of the third Circuit, in another Circuit; that the complaint was insufficient and unverified; that he was without jurisdiction, and that the amount allowed as temporary alimony and suit money was too much, and he was in error in stating he had considered the affidavits of appellants.

As to the exceptions as to the sufficiency and verification of the complaint, these exceptions are overruled, for the reasons heretofore stated, and the other exceptions are overruled by facts found in the record. Judge Wilson recites in his first order that the cause was referred, upon motion of defendant's counsel, to the master of Sumter county. The master states that appellant's counsel appeared and objected to the holding of a reference on the ground that he had served notice of appeal from the order of Judge Wilson referring the cause to the master, and that this acted as a *supersedeas* and that the master had no right to hold the reference.

Judge Wilson's order of February 19, 1910, is signed by him, dated at Manning, South Carolina, at chambers. Manning is his home and he is the resident Judge of the third Circuit, and Sumter county is in the third Circuit. He recites in this order that "After hearing the reading of the verified complaint and affidavits furnished by the defendant, I referred the same to the master for Sumter county to take testimony and report to me * * * The master having furnished his report, with the testimony taken, I have considered the same, together with all of defendant's objections and affidavits submitted by him, etc." These facts show that the exceptions were taken under a misapprehension by the appellant.

As to the amount allowed, that was a matter purely within the exercise of the Judge's discretion, and we see no erroneous exercise of it.

All of the exceptions are overruled and judgment affirmed.