8494

NORMAN v. NORMAN.

1. ALIMONY—SUIT MONEY.—It was not error for the Court to grant temporary alimony and suit money on the showing in this case by the wife that the husband had used abusive language to her and attempted to do her serious bodily harm, although charges were made against her of drunkenness and other misconduct.

2. EVIDENCE may be "considered" and then "disregarded."

Before PRINCE, J., Anderson, May, 1913.    Affirmed.

Action by Julia Norman against Henry Norman. Defendant appeals.

*Messrs. Geiger & Wolfe* and *R. T. Jaynes,* for appellant, cite: *It is better in such cases to refer the issues:* 68 S. C. 123; 14 Cyc. 756.    *Alimony should only be decreed where facts warrant separation:* 70 S. E. 970; 14 Cyc. 754.    *No abuse of discretion to refuse alimony:* 54 S. E. 194.

*Messrs. K. P. Smith* and *A. H. Dagnall,* contra, cite: *Reference is optional with Judge:* 17 Ency. P. & P. 986; 34 Cyc. 796.    *Plaintiff is only required to make out prima facie case:* 51 S. C. 379; 80 S. C. 277; 84 S. C. 9; 91 S. C. 245.    *Findings are discretionary with trial Judge:* 91 S. C. 247.

March 28, 1913.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    This is an action for alimony.    A motion was made, on notice before his Honor, Judge Prince, for alimony *pendente lite,* and also for counsel fees.

The motion was heard on the complaint and answer, supported by affidavits.    At the hearing of the motion, the defendant asked for a reference to take testimony in regard to the facts.    This motion was refused and an order made upon the showing allowing to the plaintiff alimony *pendente lite* of ten dollars per month and two hundred dollars counsel fee.    From this order the defendant appealed upon four exceptions.

The first two exceptions complain that it was an abuse of discretion to make the order without a reference to ascertain the facts.

There was certainly no abuse of discretion.    The plaintiff stated that the defendant used to her abusive and insult-

ing language and attempted to do her serious bodily harm by striking at her and offering to throw a lamp at her, which was only prevented by the interposition of her son. She alleged that she was guiltless of wrong.

The defendant admitted that he had charged her with serious misconduct and that he had used the lamp, but said he had done it only to frighten her, thereby admitting the assault. In his answer he offered to take her back, but in his affidavit he withdrew the offer.

The only question was as to the wife's drunkenness and other misconduct, and surely it can not be expected to allow such a question as that to be determined upon a preliminary motion.

These two exceptions are overruled. See *Levin* v. *Levin,* 68 S. C. 126, 46 S. E. 945, and *Gordon* v. *Gordon,* 91 S. C. 246, 74 S. E. 360, where the law is so clearly stated that it need not be restated.

The third exception complains that his Honor abused his discretion in finding that the plaintiff had made out a *prima facie* case. What has been said before applies here.

The fourth exception complains that his Honor erred in disregarding the affidavits on the part of the defendant. These affidavits were the voluntary statements of men who charged their mother with drunkenness and unchastity, and this Court will not say that his Honor was in error if he utterly disregarded them.

In order that there may be no misapprehension as to the holding of this Court, it is well to define "disregard." Century Dictionary—"Disregard"—"To treat as unworthy of regard or notice." Evidence may be considered and still disregarded.

All exceptions are overruled.

The judgment of this Court is, that the order appealed from is affirmed.

MR. JUSTICE HYDRICK *concurs in the result and in the remarks of Mr. Justice Woods.*

MR. JUSTICE WOODS, *concurring.* I concur in the result.

The Circuit Judge was bound to consider, and his decree indicates that he did consider, all the affidavits submitted on both sides as to all the issues involved, including the wife's alleged drunkenness and other misconduct, in reaching his conclusion that the plaintiff had made out a *prima facie* case for the allowance of alimony and counsel fees.

The consideratioin of all the evidence on the prelimary motion was for the Circuit Judge, and this Court will not disturb his conclusion, unless it is clearly opposed to the weight of the evidence. As there was strong testimony on both sides, the conclusion of the Circuit Judge must stand.