10202

## SHEARER v. SHEARER.

### (99 S. E. 754.)

HUSBAND AND WIFE—DIVORCE—ALIMONY—COUNSEL FEES—DISCRETION.—
Application for temporary alimony and counsel fees is addressed to
the sound discretion of the Court.

Before WILSON, J., chambers, Manning, S. C., June 6.
Affirmed.

Action brought in the Common Pleas Court, of Sumter
county, for Virginia Shearer against Lee Shearer. From
an order granting temporary alimony and attorney's fees,
defendant appeals.

*Messrs. Lee & Moise,* for appellant, cite: *As to the law
governing the allowance of alimony:* 91 S. C. 245; 10 Rich.
Eq. 173; 68 S. C. 123; 100 S. C. 298.

*Messrs. Cothran, Dean & Cothran,* of counsel for appel-
lant, cite: *As to the law governing the allowance of alimony:*
60 S. C. 447; 91 S. C. 245; 79 S. C. 59.

*Messrs. Graydon & Graydon,* for respondent. *Mr. W.
N. Graydon,* cites: *As to the law governing the allowance of
alimony:* 91 S. C. 245; 51 S. C. 379; 80 S. C. 277.

June 23, 1919.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This is an appeal from an order granting temporary ali-
mony and a fee for the plaintiff's attorney. Such cases have
been before the Court so often in recent years, and the prin-
ciples governing them are so well established, that we do
not deem it necessary to cite any authorities, other than those
mentioned in the arguments of the attorneys for the respec-
tive parties.

The application herein for temporary alimony and a counsel fee was addressed to the sound discretion of his Honor, the Circuit Judge, and the appellant's attorneys have failed to satisfy this Court that such discretion was erroneously exercised. Having reached this conclusion, we do not deem it advisable to discuss the testimony, as a discussion thereof could not subserve any useful purpose, and might have a prejudicial effect upon the rights of one or the other of the parties, when the case is heard upon the merits.

Appeal dismissed

MR. JUSTICE WATTS concurs.

MR. JUSTICE FRASER did not sit.

MR. JUSTICE GAGE, *concurring.* I vote for affirmance. Nobody but the family (father, mother and children) knows what goes on in that circle. Setting off the father's testimony against that of the mother, the daughter, Naomi, fixes blame on the husband.

The issue here is not final, but only preliminary; final judgment may vindicate the husband; I have seen such instances. I am of opinion that enough appears to show a disordered home by the husband's fault to warrant an inquiry thereabout at his expense.

MR. JUSTICE HYDRICK, *dissenting.* A careful consideration of the evidence in this case and of the applicable law leads to the irresistible conclusion that the Circuit Judge was clearly wrong in granting the plaintiff's motion for temporary alimony and suit money. True, the granting or refusing of such a motion is in the sound discretion of the Court; but that means a judicial discretion guided by the settled law and sufficient evidence to make at least a *prima facie* case in plaintiff's favor. Plaintiff admits that she left her husband. The law is:

"If the wife voluntarily leaves her husband's home, as a condition of obtaining temporary alimony or suit money,

she must assume the burden of showing *prima facie* that her husband was inflicting on her such physical violence or personal indignity as would make her living with him as a wife intolerable." *Hair v. Hair,* 10 Rich. Eq. 163; *Levin v. Levin,* 68 S. C. 123, 46 S. E. 945; *Gordon v. Gordon,* 91 S. C. 245, 74 S. E. 360; *Dagnall v. Dagnall,* 100 S. C. 298, 84 S. E. 870.

The plaintiff has utterly failed to make any such showing. Besides, the undisputed evidence shows that she now has in her possession $3,850 in cash and securities payable to her, the proceeds of the sale of a house and lot in Sumter which was bought and paid for by defendant, who had the title made to her. Besides that, she obtained between $300 and $400 for the furniture which she sold, which had been paid for by defendant. Under these circumstances, she might in justice and equity, be allowed to wait until the case can be tried on its merits.

For these reasons I dissent.