CHARLES DAY *et al. v.* R. L. ADKINS

(No. 7134)

Submitted May 3, 1932. Decided May 17, 1932.

*J. Howard Hundley,* for plaintiff in error.
*Coleman, Thompson & Woodroe,* for defendants in error.

Woods, Judge:

This is an action to recover damages for breach of a contract to convey a dwelling house (no mention being made of the ground). A $3,657.50 judgment was reversed and the case remanded on a former writ of error because the trial court had held that the contract was ambiguous as to the amount of ground included, and had admitted parol evidence tending to show that at about the time of the execution of the contract the parties verbally agreed that the whole of the lot, being approximately 162 feet by 165 feet, was to be included in the deed which was provided for in the contract. *Day* v. *Adkins,* 109 W. Va. 197, 153 S. E. 915. This court there held that such a conveyance will ordinarily be construed to include the ground upon which the building stands and such additional ground contiguous thereto as may be necessary to the ordinary use and enjoyment of the building; and that parol evidence is admissible to determine the extent of the contiguous ground reasonably necessary. The judgment now before us is for $2,775.90.

Defendant's chief objection is directed to the trial court's action in permitting the plaintiffs to introduce testimony in regard to the size of other lots used in connection with dwellings in the vicinity. Such, he claims, is in direct violation of our former holding that the conveyance carried only so much land as was reasonably necessary for the use and enjoyment of the cottage. He argues that an amount of land sufficient for ordinary city property is what is meant. The property was shown to be rural, not urban. In order to determine on the amount of contiguous ground necessary, it was proper to prove what ground other residents of the same

locality under like conditions ordinarily used and enjoyed in connection with their dwellings. Such testimony is the only practical criterion whereby a jury may determine the amount of ground necessary to be considered in connection with the value thereof, and the value of the house, in ascertaining the amount of the plaintiffs' damage.

The exclusion of evidence as to the assessed value of the land is stressed as prejudicial error. Section 115 of chapter 29, Code 1923, is cited to support this position. It provides that in any proceeding to take or damage for public use all or any of property, real or personal, the assessment of such property on the land or personal property books, shall be admissible; and, further, that such rule is proper "in any proceeding wherein the value of any such property or any part thereof may come in question." However this may be, in the Official Code of 1931, the aforesaid section is omitted, the revisers, in a note, stating "as it is not deemed advisable to attempt to change the general rules governing the admissibility of evidence, and, even if desirable, no such provision should be inserted in the chapter on taxation, also the assessed valuation of property may or may not be a pertinent fact bearing on its value, and if pertinent and tending to establish such value, it is admissible under general principles." Since the statutory requirement was purely procedural, it had no bearing on the present case which was tried since the 1931 Code went into effect. We do not think the court committed reversible error in excluding this testimony, inasmuch as the assessor of the county was permitted to testify as to what would be a fair cash market value of the lot.

The testimony of attorney Belcher that he had consulted Mary J. Adkins relative to the bringing of a certain chancery proceeding, being admitted solely for the purpose of contradicting the defendant, who had said that he had had no trouble with his mother until after plaintiffs had come back after an alleged breach of the contract on their part, was proper. Other hearsay evidence, consisting of statements attributable to Cora Adkins, were admitted to explain her motives and conduct in leaving the Day family and in estab-

lishing her reasons therefor. If it is necessary to ascertain the motives which actuated a person's conduct, the information upon which he relied is important, and in substantiating the prudence, legality or good faith in which he claims to have acted, he may introduce evidence of what advice or information he received. Underhill on Evidence, p. 67.

We have examined instructions 4 and 7 and do not find any substantial error in them. They seem to be based on the evidence and are not within themselves binding instructions. Instruction No. 6 is based upon the law as announced in our former opinion, and we do not see any error in it.

This is a case peculiarly for the consideration of a jury. Two juries have found for the plaintiffs in varying amounts, and since we note no substantial error in the application of the law to the facts on the present record, we feel it our duty to sustain the verdict.

*Affirmed.*