## 18333

Arthur E. NIENOW, Appellant, v. Virginia M. NIENOW, Respondent
(141 S. E. (2d) 648)

*Messrs. Weinberg & Weinberg* and *Nash & Wilson,* of Sumter, *for Appellant,*

*Messrs. James P. Mozingo, III,* and *D. Kenneth Baker,* of Darlington, and *Robert O. Purdy,* of Sumter, *for Respondent,*

*Messrs. Weinberg & Weinberg* and *Nash & Wilson*, of Sumter, *for Appellant, in Reply.*

April 15, 1965.

TAYLOR, Chief Justice.

This action was commenced on March 30, 1964, by the Appellant husband for a divorce on the grounds of habitual drunkenness. The Respondent wife duly answered and in addition to a general denial, set up the defense of recrimination and by way of counterclaim, sought a divorce on the ground of physical cruelty, together with temporary and permanent alimony and attorney's fees. Subsequent to filing the answer, an amended complaint was filed setting up an additional cause of action for divorce on the ground of alleged adultery of Respondent. The case is here on appeal by the husband from three Orders of the Honorable James Hugh McFaddin granting Respondent temporary alimony and attorney's fees and requiring Appellant to furnish certain information as to the time, place and names of persons appearing in a picture purportedly showing Respondent in an adulterous act.

The exceptions present three questions: (1) Was it error to make the alimony payments by the July 14, 1964, Order retroactive to April 6, 1964? (2) Was the amount awarded excessive? And (3) Was it error to require Appellant to furnish the exact time, place (including the building, the city and the state) the picture of Respondent was made and the name or names of persons appearing therein?

Allowance for alimony *pendente lite* and temporary attorney's fees is a matter largely addressed to the discretion of the Trial Judge and will not be disturbed on appeal unless an abuse thereof is shown. *Brunson v. Brunson,* 94 S. C. 11, 77 S. E. 704; *Shearer v. Shearer,* 112 S. C. 126, 99 S. E. 754; *Raymon v. Raymon,* 113 S. C.

128, 101 S. E. 566; *Sadler v. Sadler*, 115 S. C. 217, 105 S. E. 285; *Mungin v. Mungin*, 166 S. C. 43, 164 S. E. 238; *Poliakoff v. Poliakoff*, 221 S. C. 291, 70 S. E. (2d) 625; *Simonds v. Simonds*, 225 S. C. 211, 81 S. E. (2d) 344.

Appellant does not claim that it was error for the Trial Judge to order payment of temporary alimony, but he does claim that the amount ($500.00 per month) was excessive. Appellant admits that his income is $2,400.00 per month before taxes and $1,990.90 per month after taxes. There is no evidence before this Court showing that the Trial Judge abused his discretion in ordering Appellant to pay $500.00 per month temporary alimony to Respondent. Appellant also contends that the hearing Judge erred in his Order of July 14, 1964, in making the temporary alimony payments retroactive to April 6, 1964. Within the Order we find: "It is conceded by counsel that this motion originally was scheduled for hearing on April 6, 1964, therefore the award of alimony shall be retroactive to that date, giving credit to the plaintiff of $500.00 meanwhile advanced to the defendant."

Both Appellant and Respondent contend that the continuance of the hearing on the motion for temporary alimony from April 6, 1964, to June 16, 1964, should be attributed to the other. However, in our view this is of no consequence as the Court in the exercise of its discretion may determine when the allowance for temporary alimony shall commence. Such alimony generally commences as of the date the Order is signed; however, it may be ordered to commence at some future date or in a proper case be ordered to relate to some prior date. Insofar as the commencement of temporary alimony is made retroactive the hearing Judge should take into consideration prior advances of money made to the wife if there be any, and in no case should the award of temporary alimony relate back prior to the commencement of the matrimonial action. 27A C. J. S. Divorce § 210, p. 919; 17 Am. Jur., Divorce and Separation, Section 612, p. 694; Nelson Divorce and Annul-

ment, 2nd Ed., Vol. 11, Section 12.32, p. 431; *Hanson v. Hanson,* 177 Pa. Super. 384, 110 A. (2d) 750.

The remaining question relates to the motion made by Respondent for the production of various documents pursuant to Section 26-502, Code of Laws of South Carolina, 1962. Respondent sought, among other things, the photographs purporting to show Respondent participating in an adulterous act. Judge McFaddin, in his Order of August 14, 1964, held that Section 26-502 was not broad enough to require Appellant to allow Respondent to copy the photographs and no appeal was taken by Respondent from that portion of the Order. Appellant, however, was required by the Order to furnish Respondent any information he may "have as to the exact time the picture was made, the exact place where it was made, including the building, city and state, and the identity of all persons appearing in the photograph."

A motion made under Section 26-502, Code of Laws of South Carolina, 1962, is addressed to the sound discretion of the Circuit Judge, and the relief requested thereunder should be granted with liberality; however, this section deals with pretrial inspection of books, papers and documents, *Wallace v. Timmons,* 237 S. C. 411, 117 S. E. (2d) 576, and is limited by its express language to the right to inspect or copy· books, papers and documents in the possession of the adverse party. Further, the motion must fail, as it is designed to seek information to support the adverse party's allegations, which is not permissible, *Williams v. Southern Life Insurance Company,* 224 S. C. 415, 79 S. E. (2d) 365; *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598; and does not support an allegation of Respondent's counterclaim, *Peoples Bank of Hartsville v. Helms, et al.,* 140 S. C. 107, 138 S. E. 622; *Mahaffey v. Southern Railway Co.,* 175 S. C. 198, 178 S. E. 838; *Stepp v. Horton, et al.,* 227 S. C. 432, 88 S. E. (2d) 258; *Ellen v. King, supra,* 227 S. C. 481, 88 S. E. **(2d) 598.**

For the foregoing reasons, we are of opinion that the Orders appealed from should be affirmed with the exception of the Order of August 14, 1964, which should be modified as to that portion relating to the photograph and the information sought to be elicited thereabout and the same should be set aside; and it is so ordered.

Modified.

Moss, Lewis, and Bussey, JJ., and Lionel K. Legge, Acting J., concur.