### 21355

Rose Collins CANNARELLA, Appellant, Vincent Joseph CANNA-
RELLA; Columbia Seafood; Fairfield Company, Inc.; Louis M.
Cannarella; Paul Cannarella; Ella Lucia Cannarella Brown;
Howard D. (Bo) Brown; and Deborah Antionette Cannarella, of
whom Vincent Joseph Cannarella is, Respondent.

(273 S. E. (2d) 529)

*Jan L. Warner* and *C. Dixon Lee, III,* Sumter, *for appellant.*

*James C. Cox, Jr.,* Hartsville, *for respondent.*

December 30, 1980.

LITTLEJOHN, Justice:

Petitioner Rose C. Cannarella (wife) sought *pendente lite* (1) alimony, (2) attorney's fees, and (3) suit money from respondent Vincent J. Cannarella (husband). The family court judge awarded her only the temporary attorney's fees and suit money. She appeals from the denial of temporary alimony.

The parties were married in June, 1978. In April, 1979, the husband left his wife. He informed her that she could remain in the house until she found another place to live. (The house is owned by the husband's children by a prior marriage.) The wife vacated the premises in July, 1979, after which the husband returned to their former residence.

The wife graduated from college and taught school immediately before this marriage. Upon marriage she terminated her teaching position. She has submitted several teaching applications since the husband left, none of which have been accepted. To meet living expenses of approximately $1,900.00 per month (this figure excludes payments for loans received prior to marriage), she works as a waitress earning $372 per month. Also, she has had to borrow approximately $7,500.00

The income of the husband from his restaurant business is approximately $7,000.00 per month. He claims business expenses of nearly $3,900.00 per month and personal expenses of about $3,700.00 per month. However, he admitted that a large portion of the personal expenses were allocated to his three children, each over 22 years of age. Concerning the business expenses and present unprofitable status of his restaurant, the husband testified that:

"[W]e get carried away. We just have . . . a habit of writing checks whether we got the money or not . . . and I can understand now why the business is in a deficit. . ."

We think the wife was entitled to *pendente lite* alimony in addition to the award of attorney's fees and suit money. By awarding attorney's fees, the family court judge apparently recognized that a *prima facie* showing for divorce was presented on her behalf, as required. *Poliakoff v. Poliakoff*, 221 S. C. 391, 70 S. E. (2d) 625 (1952). Taking into consideration her income, her necessities, and the husband's means, as revealed in the record below, it is our opinion that the wife clearly lacks sufficient means of her own to support and maintain herself according to her station in life. *Armstrong v. Armstrong*, 185 S. C. 518, 194 S. E. 640 (1940).

Accordingly, the case is remanded to the family court to determine an appropriate award for temporary alimony, in light of the circumstances of the parties and the law of this State  See *Nienow v. Nienow*, 245 S. C. 542, 141 S. E. (2d) 648 (1965).

Reversed and remanded.

LEWIS, C. J., and NESS, J., concur.

GREGORY and HARWELL, JJ., dissent.

HARWELL, Justice (dissenting):

The allowance of *pendente lite* alimony is a matter largely left to the sound discretion of the trial judge. *Nienow v. Nienow*, 245 S. C. 542, 141 S. E. (2d) 648 (1965). This Court, nonetheless, in an appeal from an order of the family court has jurisdiction to review the entire record to determine the facts in accord with its view of the preponderance of the evidence. This broad scope of review, however, does not require us to disregard the findings of the lower court. *Spires v. Higgins*, 271 S. C. 530, 248 S. E. (2d) 488 (1978). Having thoroughly reviewed the record and briefs

of counsel in this action, I am not persuaded that the trial judge erred or abused his discretion. I, therefore, must respectfully dissent.

The parties were only married some nine and one-half months during which time respondent invested over $5,000 in appellant's business enterprise. He also serviced appellant's then outstanding debts. Despite admitted poor financing decisions, a fact noted by the majority, respondent appears to continue to enjoy substantial means. The appellant, though of lesser means, was at the time of the hearing working full-time and enjoying good health. Recognizing the flexibility inherent in financial statements made under these conditions and remaining cognizant of all the circumstances in this case, I can only conclude that *pendente lite* alimony is not required in this case and was properly denied.

GREGORY, J., concurs.