April 8, 1905. The opinion of the Court was delivered by
This is a controversy by an action begun in the magistrate court by the plaintiff against the defendant because of the alleged loss of a valise, for which she held the check of the railroad, which contained her wearing apparel. The defendant denied any liability except to offer to allow her the sum of $10, and on the day of trial produced the valise in question, claiming that it had been, through misadventure, carried past Hartsville to the city of Sumter. It tendered the valise to the plaintiff, which she declined to accept. The magistrate gave a judgment against the defendant for $75. Upon exceptions taken by both plaintiff and defendant, the appeal was heard by Judge Watts, presiding Judge of the Circuit Court, who, in his judgment, reduced the plaintiff's judgment from $75 to $55, *Page 339 
but of the $55 adjudged the plaintiff, he subtracted $5, the costs of the defendant, which left her with a net judgment of $50. She has appealed from that judgment, and in consequence of her appeal defendant also appealed.
This belongs to that class of cases, being on the law side, in which this Court is powerless to interfere with the findings of fact of the Court below. At one time, it seemed to us that the judgment of the Circuit Judge should have been reduced by the amount purchased by the plaintiff of wearing apparel of $29.65, in excess of the value of the articles which plaintiff alleged she lost, being contained in her valise; but the plaintiff also claimed that she had been subjected to a great deal of pain and annoyance and some cost at the failure of defendant to deliver her valise promptly, and it is likely that the Circuit Judge made some allowance to the plaintiff from this vexatious delay of the defendant, which delay was occasioned by the negligence of their agent in the town of Marion in issuing a check to the plaintiff in these words: "From Marion to Hartsville," while on the check attached to the valise itself, he placed the words, "From Marion via Hartsville to Sumter, S.C." This unfortunate mistake on the part of the agent of the defendant was the cause of this trouble. These matters are discussed and the rule laid down in regard thereto in the case of Nettles v. Railroad Company, 7 Rich., page 190, also Dill v. Railroad Company, 7 Rich., page 158. In the first case cited supra, the Court said: "In such cases the measure of damages would seem to be any reasonable loss and expenses which has been occasioned by the delay, together with the value of the goods at the time and place they should have been delivered, taking therefrom the value according to their condition at the time and place of actual delivery or tender." The second case, Dill v. RailroadCompany, supra, is to the same effect.
Our great trouble in this case is that Judge Watts has ordered the valise returned to the defendant, and from this part of his judgment neither the plaintiff nor the defendant has appealed. It must, therefore, stand. Under these circumstances, *Page 340 
with some hesitation, we have decided to affirm the judgment in its entirety.
It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.