7151

BULLOCK v. CHARLESTON AND WESTERN CAROLINA RY.

1. EVIDENCE—RAILROADS.—A BILL OF LADING issued to W. R. B. properly admitted to show shipment to A. G. B. on evidence tending to show shipper always addressed consignee as .W. R. B.
2. CARRIER—FREIGHT—PENALTY—DAMAGES.—Carrier is not liable to consignee for the value of goods and penalty under statute, 24 Stat., 81, where the goods are tendered after time limited by the statute for adjusting the loss or damage, even if carrier was negligent in

tracing them. Consignee should have received the goods and sued. for difference in value between time they should have arrived and the time they were tendered and damages caused by delay.

Before MEMMINGER, J., Abbeville, October, 1908.   Reversed.

Action by A. G. Bullock against Charleston and Western Carolina Railway Company.   From Circuit order affirming judgment of Magistrate John H. Sanders, defendant appeals.

*Mr. Wm. P. Greene*, for appellant, cites: *Remedy for delay in transportation:* 7 Rich., 390; 5 Ency., 220-1; 5 Rich., 462; 75 S. C., 60; 72 S. C., 339; 38 S. C., 89; 47 S. C., 334; 76 S. C., 338; 81 S. C., 167; 49 S. C., 334.

*Messrs. Gary & Perryman*, contra.   Oral argument.

April 9, 1909.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This action was commenced in a magistrate's court for the recovery of the value of two dozen steel traps, alleged to have been lost while in the possession of the defendant company, and also for the recovery of the statutory penalty of fifty dollars under the act of February 23, 1903, 24 Stat., 81.   The judgment of the magistrate for the full amount and penalty was affirmed by the Circuit Court, overruling defendant's exceptions.   These exceptions are renewed in this Court.

The bill of lading introduced in evidence was issued to W. R. Bullock, and defendant objected to its introduction upon the ground that the complaint was for loss of a consignment to A. G. Bullock.   The plaintiff testified that he had ordered the goods in question shipped to him and paid for them, and that J. P. Jennings, partner of Gambrell Hardware Co., always addressed him as

W. R. Bullock. This was sufficient evidence of identification of plaintiff as the consignee to permit introduction of the bill of lading, without referring to the testimony of defendant's agent as to his tender of the goods to plaintiff.

It appears that the claim was filed with defendant's agent on February 28, 1907, for the value of two dozen steel traps as lost. The goods arrived at their destination and were tendered to plaintiff not later than June 15, 1907, but he declined, on the ground that he had gone out of business. This action was begun August 15, 1907. There was no testimony that the goods had been damaged. One witness testified, "Traps worth same in June as in April, only difference would be interest on money for one year."

The magistrate charged the jury that if sixty days expired after the filing of the claim before defendant notified plaintiff of the arrival of the goods, they should find for the plaintiff the amount claimed, $7.25, and penalty, $50, for failure to deliver the goods, provided the defendant had been negligent in tracing the goods within the time allowed by law.

This charge was erroneous. Notwithstanding the delay, it was the duty of the plaintiff to accept the goods when tendered and rely upon his right to recover of the carrier damages for negligent delay in transportation. *Nettles* v. *R. R. Co.,* 7 Rich., 190; *Moody* v. *Ry. Co.,* 79 S. C., 300, 60 S. E., 711; *Cousar Mercantile Co.* v. *Southern Railway Co., infra,* 307.

In the last cited case the tender was made before the expiration of the time allowed for adjustment of the claim; in this case, the tender was made after expiration of such time, but before action was brought. We do not construe the statute as abrogating the rule of law declared in the cases cited. The goods, though delayed in transportation, still belonged to the plaintiff, and he could not abandon them and throw upon the carrier liability as for their total loss or

destruction. The measure of the carrier's liability at common law for negligent delay in the transportation of goods is the depreciation in market value of the goods at the time and place they should have been delivered and the market value, according to their condition, at the time and place of actual delivery or tender, together with any reasonable loss or expense proximately caused by such delay. *McKerall* v. *Railroad,* 76 S. C., 341, 56 S. E., 965. The liability under the statute is "for loss of or damage to" the goods, together with penalty for failure to adjust or pay the claim therefor within the prescribed time. The claim may be filed for loss after the lapse of a reasonable time for the arrival of the goods, and in an action under the statute, recovery may be had for any loss of or damage to goods that may be shown, but no recovery of the penalty can be had unless there be a recovery for the full amount of loss of or damage to goods claimed. There being no evidence of such loss or damage to the extent of $7.25, the amount of the claim as filed, it was error to instruct the jury that recovery should be had for such sum and the penalty, if the defendant had been negligent in tracing the goods.

The judgment of the Circuit Court and of the magistrate's court is reversed and the case is remanded to the magistrate's court for a new trial.

MR. JUSTICE GARY *concurs in the result*