### 8265

### MEYER v. ATLANTIC COAST LINE R. R.

CARRIER—BAGGAGE—MERCHANDISE.—THE BURDEN is on a carrier who has received as baggage a telescope, containing personal baggage and merchandise, to explain that its failure to deliver it or to account for its loss was not occasioned by negligence or want of due care on its part.

Before SPAIN, J., Richland, April term, 1912. Reversed.

Action by J. B. Meyer and E. V. Bunn against the Atlantic Coast Line R. R. Co. Plaintiffs appeal.

*Mr. D. W. Robinson,* for appellants. No argument furnished Reporter.

*Messrs. Barron, Moore, Barron & McKay,* contra, cite: *A carrier is not liable for merchandise shipped under guise of baggage:* 128 Fed. 15; 71 Am. Dec. 156; 11 At. 605; 64 Mass. 506; 93 Am. Dec. 140; 30 Am. R. 667; 34 Am. R. 376; 12 N. W. 447; 4 Mo. App. 582; 25 Wend. 459; 61 Hun. 546; 59 Hun. 625; 38 N. Y. Supp. 341; 148 U. S. 627; 17 Fed. 209. *Does the evidence show a conversion:* Hutch. on Car., sec. 213; 72 S. C. 375; 148 U. S. 627; 62 Fed. 878; 28 L. R. A. 176; 3 Hutch. on Car., sec. 1249; 4

Elliott on R. R., sec. 1649; 30 Am. R. 667; 93 Am. Dec. 140; 34 Am. R. 376. *Burden of showing conversion was not discharged by proof of loss:* 93 Am. Dec. 140; 30 Am. R. 667; 34 Pac. 1054.

July 20, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action by the plaintiffs against the defendant to recover the value of certain dry goods and notions contained in a telescope which had been delivered to the defendant for transportation and checked by defendant as baggage from Columbia, S. C., to Sumter, S. C. There was also a small amount of wearing apparel with it, as to which there was no dispute. The complaint alleges that the telescope was filled with dry goods and notions, which was the property of the plaintiff Meyer, which was being carried by the plaintiff Bunn, a salesman, to Sumter, S. C., for sale, the profits to be divided between them. The complaint alleges that the telescope, with its contents, was received by the defendant, which gave its check for the same and undertook to transport and deliver the same promptly and safely. The plaintiffs further allege that the defendant failed to deliver the goods to plaintiffs or either of them at any time, and that it had lost or miscarried the same.

The defendant entered a general denial. On the trial the plaintiffs offered evidence to sustain the allegations of the complaint. They also offered in evidence the check they had received for the telescope from the defendant, which had on it a printed clause limiting the responsibility for baggage to personal effects of the passenger necessary for his journey. It was testified that the plaintiff Bunn purchased a ticket and went on the same train his baggage was supposed to go on. Testimony was given as to the cost price of articles in the telescope and their sale price at Sumter, S. C. Also the correspondence between attorney for plaintiffs and the passenger agent of the defendant in January

and March, 1911, in regard to the loss in which plaintiffs set forth an itemized statement of goods contained in the telescope and the statement was verified. Also a letter from the defendant January 26, 1911, acknowledging the receipt of the claim and a promise to look into it and advise further. A similar letter in March, 1911. At the close of plaintiffs' testimony the defendant moved for a nonsuit, which was granted by the Court as to all but the small amount of personal baggage, of the value of $4.65. Plaintiffs appeal and ask reversal on the following grounds:

1. "That his Honor erred in granting a nonsuit in this case, and in holding and ruling that the plaintiff was not entitled to recover the value of the goods lost, by the defendant, upon the ground that the same was not personal baggage, because: (a) The defendant having undertaken to transport the said goods was charged with the duty of exercising care and skill in regard thereto and was responsible for its negligence in losing the said goods, whether baggage or any other class of goods.

(b) "Because the defendant had not set up in its answer any claim or pretense that any fraud was committed on it, that it was misled in checking said baggage, the contents of said telescope having been fully set forth in the complaint in this case.

(c) "That the uncontradicted evidence showed that the defendant had undertaken to trace and return said goods to said plaintiffs and wholly failed and neglected to do so.

(d) "That the uncontradicted evidence in the case tending to show that the defendant was guilty of gross negligence in failing to transport and deliver the said goods, or find and return the same to plaintiff and no excuse or explanation of said negligence and delay was given or admitted by the defendant."

We think the exceptions should be sustained and the order of *nonsuit* set aside. The plaintiffs show beyond question that the defendant received the property and has failed to

account for the same. . They have failed to deliver it to the plaintiffs and give no manner of explanation whatsoever as to what became of it, whether lost by them negligently or whether lost without any negligence on their part.    To permit a *nonsuit* under such circumstances would be to allow the defendant to confiscate the plaintiffs' property.    In any aspect of the case the defendant having . received the property from the plaintiffs and taken custody of it has no right to keep and retain it or to convert it.    On proof of delivery to the carrier and demand for it, the burden is on the defendant to explain why it has not delivered it, even though it received it as a mere bailee or warehouseman.

This principle is fully discussed and established in *Fleishman* v. *Railway,* 76 S. C. 237, 56 S. E. 974, 9 L. R. A. N. S. 519.    It was the duty of the Court at close of plaintiffs' case to refuse the motion for nonsuit, as the burden was then on the defendant to explain and show the failure to deliver the telescope was through no negligence or want of due care on their part.    The defendant having received the baggage and having failed to account for it is liable for a conversion.    *Fleishman* v. *Railway,* 76 S. C. 237, 56 S. E. 974, 9 L. R. A. N. S. 519 ; *Wall* v. *Atlantic Coast Line Railroad,* 71 S. C. 331, 51 S. E. 95.

As to whether the articles in telescope were baggage or such articles as are generally carried by a traveling salesman it˙ is unnecessary to consider now, and as to whether the defendant was an insurer of it or not, as the case will have to go back for a new trial.

Judgment reversed and new trial granted.