8929

CAROLINA RICE CO. v. WEST POINT MILL CO.

(82 S. E. 679.)

Warehousemen. Negligence. Evidence. Burden of Proof. Charge on Facts. Appeal and Error. Requests to Charge. Nonsuit.

1. Where a warehouseman admits the receipt of goods, and injury to them while in its custody, the burden of proof is on it to show that the injury occurred without negligence on its part, and it is error, in such case, to charge that the bailor cannot recover damages unless he prove negligence on the part of the warehouseman.

1a. Jury properly instructed that the act of God must be the entire cause of loss of goods in custody of warehouseman in order to be a defense to the warehouseman.

2. Whether there is a difference between the terms "gross negligence" and "conscious failure to use due care" used as synonyms in a charge, will not be considered on appeal, where the trial Court was not requested to differentiate between the two terms.

3. A charge that "when the bailee or person in whose care the property is, has taken the same care of the bailed property as he did of his own, a presumption arises that he had exercised due care," *held,* erroneous, (a) presenting a false standard for the measurement of due care, and (b) instructing the jury what inference of fact should

be drawn from the testimony with reference to the exercise of due care by the defendant bailee.

4. A charge, "that where a bailee provides a place for the storage of goods, safe from all but extraordinary events, he is not liable for damages directly resulting from storm, tidal wave or flood, such as had occurred but twice in a generation," is upon the facts, and erroneous.

5. A nonsuit should not be granted where there is any evidence to go to the jury.

Before BOWMAN, J., Charleston, November, 1913. Reversed.

Action by Carolina Rice Company against West Point Mill Company. From a judgment for the defendant, plaintiff appeals. The facts are stated in the opinion.

The charge, to which the appellant excepted, was as follows:

Mr. Foreman and gentlemen of the jury, the allegation of the complaint is that heretofore, to wit: prior to and during the month of October, 1911, the defendant held in their warehouse for the account of the plaintiff a certain number of pockets of rice, etc.     (Reading complaint.)

Now, gentlemen, the defendant answers and denies each and every allegation in said complaint contained, except as hereinafter admitted.     (Reads answer.)

Now, gentlemen, stripped of all of its formalities, it means this, the plaintiffs allege that they had with the defendant a certain amount of rice which the defendant held as warehousemen, and that through the carelessness and negligence of the defendant that property was damaged, and they ask you to give them damages. Now, the plaintiff has to prove what he alleges, and, in a case like this, they cannot recover unless they can prove negligence or carelessness on the part of the defendant.

FOOTNOTE.—As to presumption and burden of proof as to care or negligence in respect to the subject of bailment, see note in 43 L. R. A. (N. S.) 1168.

Now, I charge you, that when property is left with a bailee as warehouseman, that then the warehouseman is charged with ordinary care and prudence, and if they show to you that they have exercised ordinary care, used and exercised ordinary care in caring for the property which has been left with them as warehouseman, then the plaintiff cannot recover, but if they have failed to use and exercise due care or prudence, and through their failure to exercise due care and prudence the plaintiff sustained loss or damage, then they are responsible for it; I also charge you, that if this property was left there, they paying nothing for it at all, and the defendants were a gratuitous bailee, getting no compensation for holding this property, then they would not be responsible for any loss or damage due to the want of ordinary care, but would only be liable for gross negligence, that would be for a conscious failure to use due care; if it was left there as a gratuitous bailee you could only make them pay in case they were guilty of gross negligence.

The defendant also alleges in its answer that this damage was due to an act of God. Now, if the testimony should show that this damage was due—resulted from an act of God or the public enemy, and the defendant was not in any way guilty of negligence which contributed as the proximate cause to this damage, then you would have to find for the defendant, but if the defendant was also guilty of negligence which co-operated with that, then they would be liable. To illustrate, suppose, Mr. Foreman, you had a carload of mules being brought into Charleston by the railroad, and there was a sudden storm and washed up the railroad at some of these points down here, now if the engineer of that train used due care and did not know that the road had been washed up and the train rushed into this place and your carload of mules were killed, and the engineer had used due care in running his train, then you could not recover, because that would be due to an act of God, not him; but if the engineer or officials of that road could have found out that

the road had been washed up and they failed to do it, then the road would be responsible for the damage. Now, that is the case here, if the plaintiff sustained this damage, this injury through the carelessness of the defendant in not doing their duty, even though that has come about through an act of God, they would be responsible, but if they were not guilty of carelessness they could not be held responsible.

Now, gentlemen, I am requested to charge you certain things, which I do, I charge you all of them.

These are the plaintiff's request to charge:

I. The jury are instructed that it is not sufficient to relieve the defendant from liability to show that the rice was injured by storm or *vis major,* but it must go further and show what precautions were taken to prevent such loss and that such loss was not due to or caused by any negligence or lack of care on its part. *McCord* v. *R. R.,* 76 S. C. 471, 57 S. E. 477.

II. If the jury find the defendant was carrying on business or acting as warehousemen, then they are instructed that the defendant is liable for negligence, and the burden of showing that it was not negligence in respect to the rice in its custody is upon the defendant. *Wardlaw* v. *S. C. R. R. Co.,* 45 S. C. L. (11 Rich.) 337.

III. In order to relieve itself from liability on the ground that the damages were caused by a storm or act of God, the defendant must further show that such storm or act of God was the sole and only cause of such loss, and that such loss was not due in any way to concurrent negligence on its part. *Fleischman* v. *R. R.,* 76 S. C. 247, 56 S. E. 974, 9 L. R. A. (N. S.) 519.

IV. The damage to the rice stored being admitted, the defendant to relieve itself of liability therefor, must show not only the isolated fact of its injury by the storm, but all the circumstances connected with the loss, as far as known to the defendant, and the precautions taken to prevent the loss or injury. From these facts, coupled with any testi-

mony on the subject the plaintiff may introduce, it is for the jury to say whether the defendant was negligent. *McCord v. R. R.,* 76 S. C. 471, 57 S. E. 477.

V. Good faith is not involved in the determination of the liability of the defendant. An honest man may be careless and indifferent with his own property. The question is, "Did the bailee, the West Point Mill Company, under the circumstances, do all that could be expected of a reasonable and prudent man?" *Scott, Williman & Co.* v. *Crews,* 2 S. C. 537.

VI. Even though no charge for storage as such was made by the defendant upon the rice of the plaintiff, yet if the jury find that such storage was for the mutual benefit and advantage of the defendant as well as plaintiff, then the defendant was responsible as a warehouseman, and would be liable for failure to exercise ordinary care.

VII. If the jury find that the defendant received no benefit from such storage and there was no consideration or advantage to it for so doing, but it was done solely for the benefit of the Carolina Rice Company, then it would be as a gratuitous bailee liable for its gross negligence. *Brunson* v. *R. R. Co.,* 76 S. C. 14, 56 S. E. 538, 9 L. R. A. (N. S.) 577n; *Glover* v. *Burbage,* 27 S. C. 308, 3 S. E. 471.

These are the defendant's requests to charge:

1. The jury is instructed that a warehouseman or bailee for hire is chargeable only with the duty of exercising ordinary care and diligence in the care of the goods entrusted to him. If, therefore, the jury find as a matter of fact, from the testimony, of which they are the sole judges, that the defendant, West Point Mill Company, was a bailee for hire, yet, if the jury further find that the defendant exercised reasonable care in the care of this rice, that is to say, such care as an average, prudent, reasonable man would have exercised in the care of his own property under similar circumstances, then the defendant has done its full duty as far as caring for the rice was concerned, and the verdict must

be for the defendant. *Carrier etc.* v. *Dowance,* 19 S. C. 32, 5 Cyc. 182.

2. The jury is further instructed that when the bailee or person in whose care the property is, has taken the same care of the bailed property as he did of his own, a presumption arises that he had exercised due care.   5 Cyc. 217.

I charge you, that is not a conclusion that he has exercised due care, but a presumption.

3. The jury is further instructed that a warehouseman, in the absence of an express agreement to that effect, does not undertake to insure the goods entrusted to him, but is only responsible for damages to them, resulting from negligence on his own part; it is therefore necessary not only for the plaintiff to show that the goods were lost or damaged, but for the jury to be satisfied from the evidence submitted to them that such loss or damage was caused by the negligence of the defendant as a proximate cause.

4. If the jury find as a matter of fact, from the evidence, of which they are the sole judges, that the defendant, West Point Mills Company, received no consideration for the storage of this rice for the plaintiff, Carolina Rice Company, but that such storage was gratuitous, then the plaintiff has the burden of proving that the damage to the rice was due to the gross negligence or fraud of the defendant, and unless the plaintiff has proved this to the satisfaction of the jury, the plaintiff cannot recover, and the verdict must be for the defendant.

5. The jury is further instructed, that in the case of a naked or gratuitous depository, the holder of the goods is not responsible for their loss or damage, unless his negligence was the immediate or proximate cause of such loss. Even, therefore, if the jury find that the defendant was negligent in its storage of the rice, yet if they also find that such storage was gratuitous and that the negligence of the defendant was not the proximate or nearest cause of the damage, then the plaintiff cannot recover, and the verdict

31—98.

must be for the defendant. *Texas etc.* v. *Anderson,* 61 S. W. (Tex.) 424, 13 Cyc. 803, 39 Cyc. 504; *Lyons etc.* v. *The Bank,* 19 Am. Rep. 191.

6. The jury is further instructed, that if they find that the defendant, West Point Mills Company, received no consideration or payment from the plaintiff, Carolina Rice Company, for the storage by it in its storehouse of the rice in question, but that the storage of this rice by the West Point Mills Company was a mere accommodation on its part and was done gratuitously, and free of charge, for the accommodation of the Carolina Rice Company, or of the parties from whom the Carolina Rice Company had purchased the rice, and that the West Point Mills Company received no pay for such storage, then the defendant, West Point Mills Company, is not liable as a warehouseman, and is not responsible for the loss of or damage to the rice, unless the jury find that it was guilty of gross negligence or fraud in connection with the storage, and that such gross negligence or fraud was the proximate and nearest cause of the damage to the rice. *Glover* v. *Burbridge,* 27 S. C. 308, 3 S. E. 471; *Preston* v. *Prather,* 137 U. S. 608, 11 Supt. Ct. 162; *Prison* v. *Hoffman,* 72 S. E. (N. C.) 3.

7. The jury is further instructed, that if the plaintiff, Carolina Rice Company, voluntarily made the defendant, West Point Mills Company, its gratuitous depositary of this rice, it must be taken to have done so with reference to its known habits of business in regard to storage of rice. If it was the habit of the defendant to store rice as this rice was stored, the jury has no right to believe that it bound itself to exercise a higher degree of care in gratuitously allowing the rice to remain in its warehouse than it habitually exercised in its business. If, therefore, the jury find that the defendant received no pay or consideration for the storage of this rice and that it exercised the same care in caring for the rice of the plaintiff, Carolina Rice Company, as it was known by the plaintiff habitually to exercise in its

business, and in caring for its own rice, then the plaintiff cannot recover, and the verdict must be for the defendant. *Ibid.*

8. The jury is further instructed, that a flood or a high tide of extraordinary or exceptional size is what is known as an act of God, for the consequences of which, as a matter of law, men cannot be held responsible. If, therefore, the jury find that the rice was damaged by reason of such an exceptional high tide; and that this was the cause of its being damaged, then the defendant is not responsible for such damage, and the verdict must be for the defendant. *Ferguson* v. *Ry.*, 91 S. C. 61, 74 S. E. 129.

I charge you that, with the qualification that the defendant was not guilty of any negligence which was the proximate cause of the injury.

9. The jury is further instructed, that in passing upon the question as to whether or not the defendant exercised due precaution and adopted due means for saving from the high tide the goods entrusted to its care, the jury must consider the warning or want of warning which the defendant had, as to the approach of the high water; and the facilities or absence of facilities at hand for saving the goods in question; and if the jury find as a matter of fact, that the defendant did all that under the circumstances a reasonably prudent man could or would have done for the saving of his own goods; or if they find that under the circumstances a reasonable and prudent man could have done nothing to save his own goods before they were reached by the high tide; then the defendant has done its full duty in this particular, and the plaintiff cannot recover, and the verdict must be for the defendant.

10. The jury are instructed, that where a bailee provides a place for the storage of goods safe from all but extraordinary events, he is not liable for damages directly resulting from a storm, tidal wave or flood such as had occurred but

twice in a generation. *Pierce* v. *Thomas Newton,* 41 Fed. 106.

Now, gentlemen of the jury, the facts are for you, it is for you to say whether the defendant was a gratuitous bailee, and if you find that he was a gratuitous bailee, then I instruct you, that he was only required to exercise slight care, and the plaintiff could only recover against the defendant in case of gross negligence or fraud, the defendant would only then be responsible for conscious failure to do his duty.

The plaintiff has to make out his case by the greater weight of the testimony, and it is for you, you weigh it and when you come to make up your verdict, if you find that it balances, not in the number of witnesses, but in the amount of truth that it has brought to your mind, then you find for the defendant, but if you find that the plaintiff has made out his case by the greater weight or preponderance of the testimony, then it is your duty to find for the plaintiff. It is your duty to say how much if you find anything at all for the plaintiff; if you find that the plaintiff is entitled to damages you say how much; and if you bring in a verdict for the plaintiff, say, "We find for the plaintiff so many dollars," writing it out in words, not figures, and if you find that the plaintiff has failed to make out his case by the preponderance of the evidence and the defendant should win, then you write on here, "We find for the defendant," and sign your name as foreman.

The exceptions were as follows:

I. That his Honor, the presiding Judge, erred in charging the jury that, "in a case like this they (the plaintiff) cannot recover unless they can prove negligence or carelessness on the part of the defendant;" whereas, it is submitted that plaintiff having proved the damages to its property in the custody of the defendant as warehouseman, it was incumbent upon, and the burden of proof then was on the defend-

ant to prove that there was no negligence or carelesness upon its part.

II. That his Honor, the presiding Judge, erred in instructing the jury that if the defendant was a gratuitous bailee, it would only be liable "for a conscious failure to use due care," on the ground that it is not necessary to prove "a conscious failure to use due care" on the part of the defendant, as such a degree of carelessness is only necessary where exemplary or punitive damages are sought, while in this case the action is for compensatory damages only.

III. That his Honor, the presiding Judge, erred in charging the second request of defendant to the jury, as follows:

"The jury is further instructed, that when the bailee or person in whose care the property is, has taken the same care of the bailed property, as he did of his own, a presumption arises that he had exercised due care," and further charging, "I charge you, that is not a conclusion that he has exercised due care, but a presumption."

• Whereas, it is submitted that what defendant may have done with its own property is neither a conclusion or presumption that it has exercised due care and performed its legal obligations to the plaintiff, and its own acts regarding its own property is no legal standard or measure of comparison by which to judge or determine its due care to the property of this plaintiff, and it is submitted, that by the charge excepted to in this exception, the jury were led to believe that if the defendant stored its own rice as it did the plaintiff's, that then it had used due care and their verdict should be for the defendant.

And it is further submitted, that the said charge was a charge on the facts, because the presumption referred to is a presumption of fact and not a presumption of law, and in stating what was the presumption of fact or inference the jury should draw from the testimony as to defendant's care of its own goods, was a charge on the facts, prohibited by the Constitution.

IV. Because his Honor, the presiding Judge, erred in charging the jury as set forth in the fourth request of defendant, as follows:

"If the jury find as a matter of fact, from the evidence, of which they are the sole judges, that the defendant, West Point Mills Company, received no consideration for the storage of this rice for the plaintiff, Carolina Rice Company, but that such storage was gratuitous, then the plaintiff has the burden of proving that the damage to the rice was due to the gross negligence or fraud of the defendant, and unless the plaintiff has proved this to the satisfaction of the jury, the plaintiff cannot recover, and the verdict must be for the defendant."

Whereas, it is submitted, that plaintiff having shown the damages to its property on storage, whether such storage was gratuitous or not, the burden was on the defendant to show how the damages occurred, and that it was *not* due to its gross negligence if stored gratuitously.

V. That his Honor, the presiding Judge, erred in charging the seventh request to the defendant, as follows:

"The jury is further instructed, that if the plaintiff, Carolina Rice Company, voluntarily made the defendant, West Point Mills Company, its gratuitous depository of this rice, it must be taken to have done so with reference to its known habits of business in regard to storage of rice. If it was the habit of the defendant to store rice as this rice was stored, the jury has no right to believe that it bound itself to exercise a higher degree of care in gratuitously allowing the rice to remain in its warehouse than it habitually exercised in its business. If, therefore, the jury find that the defendant received no pay or consideration for the storage of this rice, and that it exercised the same care in caring for the rice of the plaintiff, Carolina Rice Company, as it was known by the plaintiff habitually to exercise in its business and in caring for its own rice, then the plaintiff cannot recover, and the verdict must be for the defendant."

Whereas, the testimony showed that the plaintiff purchased rice from the owners thereof, while stored with the defendant to be removed in a reasonable time, and until the expiration of that time, or its removal, the duty of the defendant to such rice remained and its liability therefor was the same as to the original owners from whom it was accepted for storage.

And, further, because the defendant could not relieve itself of its liability or lessen the measure of care required, by its method of business or in caring for its own rice, nor could careless habits as to its own property justify carelessness to the property of the plaintiff.

VI. That his Honor committed error in charging, "if it was the habit of the defendant to store rice as this rice was stored, the jury has no right to believe that it bound itself to exercise a higher degree of care in gratuitously allowing the rice to remain in its warehouse than it habitually exercised in its business. If, therefore, the jury find that the defendant received no pay or consideration for the storage of this rice, and that it exercised the same care in caring for the rice of the plaintiff as it was known by the plaintiff habitually to exercise in its business, in caring for its own rice, then the plaintiff cannot recover, and the verdict must be for the defendant;" it being submitted, that this charge is erroneous on the ground that the habit or measure of care the defendant bestowed upon its own goods or what other persons bestowed on goods, was not the measure of due care that was the duty of defendant. On the contrary, the legal measure of the care that was due by the defendant was the care the defendant should have bestowed upon the goods as a reasonable, prudent person would have done.

VII. That his Honor, the presiding Judge, erred in charging the defendant's eighth request, as follows:

"The jury is further instructed, that a flood or a high tide of extraordinary or exceptional size is what is known as an act of God, for the consequences of which as a matter of

law, men cannot be held responsible. If, therefore, the jury find that the rice was damaged by reason of such an exceptional high tide; and that this was the cause of its being damaged, then the defendant is not responsible for such damage, and the verdict must be for the defendant," and adding, "I charge you that with the qualification that the defendant was not guilty of negligence which was the proximate cause of the injury." Whereas, it is submitted, that to avoid liability on the ground that the damages were due to the act of God, the defendant must go further and show that it was not negligent, or if negligent, that such negligence did not contribute to the damage, and that the act of God was the entire cause of the injury.

VIII. His Honor, the presiding Judge, committed error in a second time charging the jury that if the bailment was gratuitous, defendant would only then be responsible for "conscious failure to do his duty," and thus instructing the jury that it was necessary to find that the defendant wilfully failed to do its duty before it could be liable for damages to plaintiff, which is only necessary in an action for punitive or exemplary damages; whereas, this is an action for compensatory damages only.

IX. His Honor, the presiding Judge, erred in charging the jury as follows:

"The jury are instructed, that where a bailee provides a place for the storage of goods, safe from all but extraordinary events, he is not liable for damages directly resulting from storm, tidal wave or flood, such as had occurred but twice in a generation;" whereas, it is submitted, that the same is a charge on the facts, in that it instructed the jury that the defendant is not liable for damages from storm, tidal wave or flood as had occurred twice in a generation, independent of any other fact, condition, or consideration.

*Messrs. Mitchell & Smith* and *J. P. K. Bryan,* for appellant, cite: *As to burden of proof:* 76 S. C. 237; 11 Rich.

340; 76 S. C. 9; *Ib.* 471; 90 S. C. 85; 65 S. C. 509; 67 S. C. 201; 92 S. C. 104; 91 S. C. 65. *The rule in Federal Courts does not apply here:* 95 S. C. 488. *Conscious failure to use due care different from gross negligence:* 60 S. C. 74; 54 S. C. 505. *Charge on presumption from defendant's care of its own goods:* 60 S. C. 168. *Charge on facts:* 25 S. C. 30. *Right to support verdict for defendant by alleged right to nonsuit refused on Circuit:* 54 S. C. 363.

*Messrs. Smythe & Visanska,* for respondent, cite: *As to presumption of due care:* 76 S. C. 245; 5 Cyc. 217; 21 Am. Rep. 53. *Burden of proof:* 76 S. C. 9. *Charge as to duty of gratuitous bailee:* 76 S. C. 13-14; 27 S. C. 308; Story on Bailments, sec. 23. *Charge not on facts:* 41 Fed. 106. *Right to sustain verdict for defendant, because motion for nonsuit was improperly refused:* 45 S. C. 1; 65 S. C. 197; 50 N. W. 23; Rule 27 Supreme Court.

September 1, 1914.

The opinion of the Court was delivered by Mr. Justice Fraser.

The respondent is engaged in the business of cleaning rice for the producers. When this rice is cleaned and put into sacks, it is placed in respondent's warehouse. The producer sells the rice in the warehouse and the purchaser is allowed time to remove it.

The appellant purchased a lot of rice in these warehouses and before its removal, a storm came and flooded the warehouse and injured the rice. The appellant brought this action for the injury to the rice. The respondent admitted the damage while in its possession, but claimed that the bailment was gratuitous and that the injury was caused by the act of God. The verdict was for the defendant and the plaintiff appealed upon nine exceptions, but argues four propositions.

The first proposition is as follows:

"That the rule of law in this State, in the case of a warehouseman, is that upon admission or proof of delivery of goods and failure to return same in condition received, the burden of proof is upon the warehouseman to show 1 that the loss or damage was not due in any way to its negligence and that if such loss or damage occurred through the act of God, that such act of God was the entire cause of such loss or damage. That the burden of proof is the same whether the bailment be for hire or gratuitous, the only difference being that in case of a gratuitous bailment the warehouseman is liable only for gross negligence."

His Honor charged the jury as follows:

"Now, the plaintiff has to prove what he alleges and in a case like this they can not recover unless they can prove negligence or carelessness on the part of the defendant."

In *Fleischman* v. *Ry.*, 76 S. C. 247, 56 S. E. 974, 9 L. R. A. (N. S.) 519, this Court held that the burden of proof was on the warehouseman for the reason that the facts were within the knowledge of the defendant and not with the plaintiff. See, also, the recent case of *Meyer* v. *Railroad Company*, 92 S. C. 104, 75 S. E. 209.

His Honor charged the jury that the act of God must be the entire cause of the loss with sufficient clearness.

This proposition is sustained in part, for the reason above set forth.

The second proposition is as follows:

"That even if the bailment be gratuitous, a warehouseman is responsible for its gross negligence, and to subject it to liability therefor it is not necessary that it should have acted with a conscious failure to observe due care, 2 that is, in a wanton, wilful and reckless manner, unless in addition to compensatory damages punitive damages are sought for such wanton, wilful and reckless acts."

This proposition can not be sustained; if the appellant desired the trial Court to differentiate between "gross negli-

gence" and a "conscious failure to observe due care," it ought to have made a request.

The third proposition is as follows:

"Negligence is the absence of due care, and what a bailee choses to do with his own property or what risks he 3a may assume in connection therewith has no relevancy to and is no test of the legal obligation to the property of a bailor, which the law imposes."

This proposition is sustained. The respondent has not cited any binding authority which holds that a warehouseman can reduce his liability for goods of others entrusted to him by neglecting his own.

The fourth proposition is as follows:

"That in addition his Honor charged directly on the facts of the case, contrary to the constitutional inhibition 3b, 4 as set out in the third and ninth exceptions of the appellant."

This proposition is sustained. The charge that the defendant was not liable for the consequences of a storm that had not only occurred twice in a generation, was a charge on the facts. The federal case relied upon is not authority in our Courts. The latitude allowed a federal Judge in charging a jury on the facts is great. In our State no charge on the facts is allowed. The third exception has already been considered.

The respondent seeks to sustain the judgment because it claims its motion for a nonsuit should have been granted. There was evidence to go to the jury. Inasmuch as the case has to go back for a new trial, a discussion of the facts would be improper.

The judgment is reversed and the case remanded for a new trial.

MR. JUSTICE HYDRICK concurs in the result only.

MR. JUSTICE GAGE dissents.