### 9168

#### POORE v. SOUTHERN EXPRESS CO.

#### (86 S. E. 21.)

1. CARRIERS—DELAY—CONVERSION—APPEAL AND ERROR.—Where a shipment of a secondhand pump had been delayed for five months, and both the magistrate and trial Judge found in an action at law to recover damages that such delay amounted to a conversion of the pump by the carrier to its own use, the finding of the trial Judge was conclusive, and the consignee was under no obligation to then receive the pump, which was then unsalable and of little value, in order to minimize his damages.

2. CARRIERS — CARRIAGE OF FREIGHT — OBLIGATION OF CONSIGNEE TO RECEIVE GOODS WHEN TENDERED.—The rule that a consignee must receive the goods when tendered and dispose of the same, and thereby minimize any loss resulting from the carrier's delay, applies where the goods have a market value and can be readily disposed of for something of value; and a consignee of goods of little or trifling value and unsalable may refuse to accept them when tendered after a negligent delay in transportation ·thereof, and recover damages, with statutory penalty for failure to adjust and pay the claim within statutory time after filing thereof.

Before HON. C. J. RAMAGE, special Judge, Columbia, November, 1914. Affirmed.

Action by H. M. Poore against Southern Express Company. From judgment for plaintiff, defendant appeals.

---

FOOTNOTE.—See notes in 50 L. R. A. (N. S.) 1172, as to conversion of goods by carrier.

*Messrs. Barron, McKay, Frierson & Moffatt,* for appellant, submit: *Mere negligent delay did not amount to conversion:* Hutch. Carriers (3d ed.), secs. 651, 1372; 7 Rich. L. 190; 79 S. C. 297; 82 S. C. 307; 82 S. C. 375; 91 S. C. 552.

*Messrs. Sloan & Sloan,* for respondent, cite: 79 S. C. 198; 38 Cyc. 178 and 2025; 10 S. C. L. 592; 17 S. C. L. 546; 60 S. C. 103, 109; 45 S. C. 388; 21 S. C. Eq. 370; 91 S. C. 552; 82 S. C. 233. *Waiver:* 86 S. C. 513; 82 S. C. 307, 375; 72 S. C. 479, 484.

August 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Hon. C. J. Ramage, special Circuit Judge, affirming the judgment of magistrate's Court in favor of plaintiff for $10.95, the value of a pump alleged to have been lost or destroyed while in possession of defendant for carriage and transportation, and for $50, statutory penalty for failure to adjust and pay said claim within thirty days after filing thereof.

The facts are: Plaintiff, on October 18, 1913, delivered to defendant at Batesburg, S. C., a pump consigned to plaintiff at Columbia, S. C. Batesburg is thirty-five miles from Columbia. Plaintiff filed claim with defendant's agent at Columbia, S. C., on January 8, 1914, for value of the pump, the same having never been delivered to the plaintiff. Nine days after this the defendant wrote plaintiff asking him to do certain things, but using this language: "However, if they will not do this there is nothing for us to do but pay the bill." In the same letter he wrote plaintiff that the pump was on hand still at Batesburg in perfect condition, but unable to explain why it had not been shipped, and tendered the same to plaintiff, but plaintiff refused to receive it, and demanded his money. On February 21st defendant ten-

dered to plaintiff a voucher for $10.95, the amount of claim. On February 24, 1914, plaintiff refused to accept the voucher; on March 3, 1914, defendant tendered pump to plaintiff at Columbia, which tender was refused. Suit was commenced on that day and at the trial the pump was again tendered.

Defendant by his appeal raises one point and that is: Whether the negligent delay of the defendant to transport the pump from Batesburg to Columbia amounted to a conversion of the shipment. This is a law case, and there is ample testimony to sustain the findings of the magistrate and Circuit Judge, and the findings of the Circuit Judge should be conclusive. While it is ordinarily the duty of the consignee to receive the goods when tendered, and dispose of the same for what can be procured for them, and thus minimize the loss, this applies for something that has a market value and can be readily disposed of for something of value, but where the article is secondhand and of little or trifling value and unsalable, and after deducting for trouble and expense for handling the same there is so little left as to be insignificant and trifling and of no importance in value, the jury or Judge can consider this in arriving at the damage done. This no doubt was considered by the magistrate and Circuit Judge in considering the case along with the other facts and circumstances in the case and they had authority therefor under *McGrath Bros.* v. *C. & W. C. Ry.*, 91 S C. 552, 75 S. E. 44. The exceptions are overruled.

Judgment affirmed.