9169

### GIVENS v. SEABOARD AIR LINE RAILWAY.

(86 S. E. 24.)

CARRIERS OF GOODS. DELAY. CONVERSION. ESTOPPEL. DAMAGES. NEW
TRIAL. APPEAL AND ERROR.

1. APPEAL AND ERROR—NEW TRIAL.—An order granting a new trial,
when based on an error of law, is appealable.
2. TRIAL—NEW TRIAL.—The jury are bound by the rulings of the
Judge, and are to take the law from him, whether his instructions
are right or wrong; and unless there is sufficient evidence before
the jury to sustain the verdict, it is the duty of the Court to set the
verdict aside.
3. TRIAL—NEW TRIAL.—Where the trial Judge is satisfied that he com-
mitted error during the trial, in admitting or excluding evidence,
which was prejudicial to either side, and calculated to influence the

1—102

jury in arriving at the verdict rendered, it is his duty to set the verdict aside, and grant a new trial.

4. CARRIERS OF GOODS—DELAY AMOUNTING TO CONVERSION—ESTOPPEL—EVIDENCE.—In an action against a carrier for loss of goods delivered to it, alleging a failure and refusal to deliver such goods, the defendant may show a tender and offer to deliver them, and testimony offered by plaintiff to show a statement to him by defendants that the goods had been lost, and could not be found, was improperly excluded, as it tended to show that defendant was estopped from contending that the shipment was merely delayed.

5. CARRIERS—LOSS OF GOODS—ESTOPPEL—EVIDENCE.—Testimony that the carrier's agent informed shipper that the goods shipped were lost and could not be found, and that the shipper was thereby induced in reliance on such statement to purchase other goods, was admissible as tending to show an estoppel against the carrier, and it was for the jury to determine, whether the shipper was damaged under such circumstances.

6. CARRIERS — DELAY — DAMAGES. — Where a shipment of secondhand household furniture had been delayed for nearly three months, and carrier's agent informed the shipper they were lost and could not be found, it was for the jury to determine if they were of such value as to be handled when found and tendered to the consignee at a profit, or whether their value would not have been dissipated by the expense of marketing and disposing of same, so that a judgment against the carrier might be sustained.

Before HON. C. M. EFIRD, special Judge, York, December, 1914.   Affirmed.

Action by J. M. Givens against Seaboard Air Line Railway.   From order granting a new trial, plaintiff appeals. The facts are stated in the opinion.

*Mr. J. Harry Foster,* for appellant, submits: *Tender is an affirmative defense, and must be specially pleaded:* 70 S. C. 211; 84 S. C. 120; 62 S. C. 150; 27 S. C. 621; 58 S. C. 32; 73 S. C. 510.   *Presumption that consignee would procure other goods in place of those said to have been lost:* 16 Cyc.

FOOTNOTE.—As to goods lost, stolen, misplaced or otherwise beyond the carrier's power to deliver, see note in 50 L. R. A. 1179; as to right of shipper or consignee, as against carrier, to refuse to accept goods delayed while in its hands, see notes in 12 L. R. A. (N. S.) 431, 42 *Ib.* 782, and also case of *Poore* v. *So. Express Co.,* 101 S. C. 504, 86 S. E. 21.

1051-1054; 50 Am. St. Rep. 80; 19 *Ib.* 141; 22 Enc. of L. (2d ed.) 1038 to 1041; Elliott, Ev., secs. 81, 82. *Estoppel by reliance on agent's statement:* 42 S. C. 351; Bigelow, Estoppel (3d ed.) 434; 57 S. C. 507; 59 S. C. 162. *Need not be plead:* Bigelow, Estoppel (3d ed.) 532; 27 S. C. 235. *Errors on trial, not prejudicial:* 86 S. C. 385; 78 S. C. 80. *Amendment of complaint:* 72 S. C. 477; 96 S. C. 21; 55 S. C. 90; 82 S. C. 313; 68 S. C. 409. *Objection to testimony, not stricken from record:* 56 S. C. 136; 59 S. C. 162; *Ib.* 232; 60 S. C. 254; 72 S. C. 216; 78 S. C. 284; 68 S. C. 421; 81 S. C. 347; 65 S. C. 139; 70 S. C. 380; 52 S. C. 198. *Order granting new trial is appealable:* 57 S. C. 138; 83 S. C. 393; 92 S. C. 368.

*Messrs. Glenn & Glenn,* for respondent, submit: *There can be no recovery for delay in action for loss of goods:* 7 Rich. L. 190; 79 S. C. 297; 82 S. C. 307; 82 S. C. 375; 44 Ark. 439; 21 A. & E. R. R. Cas. 139; 9 So. Rep. 334.

August 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action to recover the alleged value of $350 for alleged loss of household goods by defendant shipped over its road by the plaintiff. The case was heard before Special Judge C. M. Efird, and a jury, in December, 1914, for York county, and resulted in a verdict for the plaintiff for $285.40. On motion of defendant, his Honor granted a new trial and set the verdict aside. From this order plaintiff appeals and alleges error on the part of his Honor. This Court will not sustain an appeal from an order granting a new trial unless it can give judgment absolute, but the Court will consider an appeal from an order granting a new trial where the order is based on an error of law. *Daughty* v. *Ry. Co.,* 92 S. C. 368, 75 S. E. 553. The plaintiff sued to recover $350, the value of the

shipment of goods. . The defendant's answer was a general denial, and contended that the goods having arrived the plaintiff could not refuse to accept them, and could only recover damages by way of delay of shipment; and that as plaintiff had not sued for a delayed shipment, he could not recover. Plaintiff contended that the defendant was estopped from attempting to deliver the goods, since the defendant had assured the plaintiff that the goods were lost, and could not be delivered; and that in consequence of this statement and conduct on the part of the defendant, the plaintiff was misled to his prejudice, and had to purchase a new outfit of household goods and had no need for the goods represented to have been lost. The Court ruled as incompetent evidence that the plaintiff had purchased a new outfit of goods, and refused to allow plaintiff to amend his complaint, and allege that in consequence of the statement made him by defendant's agent he purchased new goods.

The Court took the view in ordering a new trial that there was no evidence upon which to base a recovery by the plaintiff, as there was no evidence on the part of the plaintiff that he had in any manner been misled by the conduct of the defendant, or any evidence tending to show estoppel on the part of defendant upon which plaintiff could rely. Under the rulings of his Honor in excluding the evidence offered there was no evidence sufficient to base the verdict in favor of the plaintiff. The jury are bound by the rulings of the Judge and are to take the law from him whether he is right or not, and unless there is sufficient evidence before the jury to sustain the verdict, it is the duty of the Judge to set the verdict aside. And where the trial Judge is satisfied, through any error on his part, he has admitted or excluded any evidence that was harmful and prejudicial to either side, and was calculated to influence a jury in arriving at the verdict rendered; and the conclusion or admission of the evidence might have caused a different verdict it is his duty to set the verdict

aside and grant a new trial. The two questions raised in this appeal are: "Whether or not the plaintiff can recover for delay when his action is for loss of goods," and "Whether or not the defendant was estopped from showing delay when his agent had stated to the plaintiff that his goods had been lost."

We think that his Honor was in error in ruling as he did during the progress of the trial, and should have allowed the plaintiff to introduce evidence to show what he did in consequence of what defendant's agent told him—that the goods were lost, if he acted on this statement to his injury; and if so, what was done. The defendant had the right to show that it had tendered the goods to plaintiff, as the complaint alleged a failure and refusal to deliver the goods. Under this allegation defendant had the right to show offer, or tender to deliver; and his Honor was in further error in not allowing plaintiff to show conduct on the part of the defendant to estop it from contending that the shipment was delayed and not lost, if defendant's agent made such an emphatic and positive statement to plaintiff, that the shipment was lost and could not or would not be found, that induced plaintiff to act on this assertion, and plaintiff did and procured other goods, then it was for the jury to determine whether plaintiff had been damaged under the particular circumstances.

While it is true "where goods reach their destination in a damaged condition it is the duty of consignee to receive and sell them at the nearest market price, deduct the amount from the value of the goods, and file claim against carrier for the balance, but whether the value of the goods in their damaged condition is so small that it could be probably consumed in the handling, a judgment for their full value is sustained after refusal to charge the above stated doctrine." *McGrath Bros.* v. *C. & W. C. Ry.,* 91 S. C. 552, 75 S. E. 44, Ann Cas. 1914a, 64, 42 L. R. A.

(N. S.) 782; see, also, *Poore* v. *So. Express Co.,* 101 S. C. 504, 86 S. E. 21.

The evidence shows that the shipment was secondhand household and kitchen goods, shipped by plaintiff from Lemon Springs, N. C., to Waxhaw, N. C., on November 26, 1913, and from December 1 to December 17, 1913, he was advised by defendant that the shipment was lost. Plaintiff then moved to Rock Hill, S. C., and heard nothing further from the shipment until February 12, 1914. The goods are not such articles of merchandise that can readily find a market at same price. It was for the jury to say if it was of such value as to be worth handling at all, or if it could have been handled at any profit, or whether in handling it the value would have been practically dissipated by the expenses of marketing and disposing of the same. The evidence shows that all of the shipment was secondhand, and had been moved several times, and while of service and value to the plaintiff and served his purposes, it should be for the jury to say whether it is of such value, as when put on the market it could find a purchaser for any more than a nominal or trifling sum, and after deducting expenses of handling and sale it would leave any sum of money that would amount to anything. We think his Honor was in error in his rulings during the progress of the trial, but committed no error in granting a new trial.

Appeal dismissed.